[No. 18024.  Department One.  August 28, 1923.]

THE STATE OF WASHINGTON, *Respondent*, v. B. F. OWSLEY, *Appellant*.[1]

LARCENY (25)—EVIDENCE—SUFFICIENCY.  A conviction of larceny as accessory before the fact, and of buying and selling stolen property with knowledge of the theft, under Rem. Comp. Stat., § 2601, subds. 1 and 5, is sustained, where there was evidence to the effect that the accused hired a man to take away wheat belonging to another.

INDICTMENT AND INFORMATION (75)—JOINDER OF OFFENSES—ELECTION—STATUTES.  Under Rem. Comp. Stat., § 2601, defining the crime of larceny as capable of being committed in one of the several ways stated disjunctively in the 5th subdivision of the section, and Id., § 2260, abrogating the common law distinction between principals and accessories before the fact, an information charging larceny by hiring a man to commit the theft of wheat, and that the man actually committed it, is not duplicitous in charging inconsistent offenses, and it is not error to refuse to require an election.

CRIMINAL LAW (110)—EVIDENCE—ACTS SHOWING INTENT OR MOTIVE.  In a prosecution for aiding and abetting in the stealing of wheat from a warehouse, evidence is admissible on the subject of intent relating to the stealing of wheat from another warehouse just prior thereto, where the two transactions were interwoven under a common agreement in the nature of a conspiracy, and accomplished under one and the same plan.

SAME (244)—TRIAL—ARGUMENT OF COUNSEL—WITHDRAWAL OR CORRECTION.  Error cannot be assigned upon improper questions and argument by the prosecutor, where the objections to the evidence were sustained and the jury cautioned in regard to improper arguments.

MACKINTOSH, J., dissents.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered May 29, 1922, upon a trial and conviction of larceny.  Affirmed.

*Rummens & Griffin* and *W. A. Toner*, for appellant.

*A. J. Gillis* (*Earl W. Benson*, of counsel), for respondent.

[1]Reported in 217 Pac. 999.

MITCHELL, J.—The defendant was found guilty by a jury upon an information charging, in substance, that he unlawfully and feloniously advised, induced, abetted, procured and encouraged one F. A. Broughton to steal and carry away $1,200 worth of wheat belonging to Webb Brothers, with intent to deprive and defraud the owners thereof, and that by reason thereof F. A. Broughton did steal and carry away the wheat; and further charging him with unlawfully and feloniously receiving, withholding and selling the wheat with intent to deprive the true owners thereof. He has appealed from a judgment on the verdict.

The first two assignments of error, relating to alleged duplicity in the information, are fully answered by the case of *State v. Klein*, 94 Wash. 212, 162 Pac. 52. This is admitted by the appellant who asks us to reconsider the question, in the light of the record in the case at bar. In this case as in that, there is no charge or evidence that the appellant participated in the actual theft, and in all other respects we find the two cases similar for the purpose of this question, and for the reasons stated in the opinion in the *Klein* case, we are satisfied with the conclusion reached therein and that it is applicable and controlling in this case.

The third assignment relates to an instruction given upon the subject of the intent of one who aids and abets another to commit a crime by signifying his assent and thereby inciting that other to commit the crime. The same kind of instruction was approved as having been given in the *Klein* case, and for the reasons there given we are satisfied it was applicable and was proper to be given in the present case.

The fourth assignment relates to a portion of an instruction which covered evidence as to other wheat

shipped by Broughton to the appellant from another warehouse that Broughton also had charge of as receiving agent, to the effect that it should not be considered as evidence that the defendant aided and abetted Broughton in stealing the wheat referred to in the information, or that defendant received the wheat mentioned in the information knowing it to have been stolen, but that such evidence was admitted and should be considered only so far as it may tend, if it does so tend, to aid the jury in determining the question of the intent of the defendant in his connection with the wheat mentioned in the information. The two transactions were had under one common understanding, in the nature of a conspiracy between the appellant and Broughton that contemplated the stealing of wheat from both warehouses, that from the other warehouse having been stolen and handled prior to the transaction immediately involved in this case. The two transactions were interwoven and took place under one agreement that not only was not required to be repeated but which as a matter of fact was not repeated after the first and prior to the second transaction. The same plan was followed in each case, including the actual theft by Broughton, the shipment to the appellant who sold the wheat and collected the proceeds which were divided equally between the two. The evidence was admissible under the rule announced in such cases as *State v. Gunn,* 85 Wash. 121, 147 Pac. 401, while the instruction, limiting consideration of the evidence as tending to explain appellant's intent if it did so tend, was essential to the protection of appellant's rights.

The fifth assignment refers to alleged improper conduct on the part of the prosecuting attorney (1) in the examination of witnesses, and (2) improper argument

to the jury. Concerning the first, we find that appellant's objections were invariably sustained; while as to the second, the only objection made by the appellant was sustained by the court who immediately cautioned the jury and directed the prosecuting attorney to confine himself to the evidence.

The sixth and last assignment is that the evidence is insufficient to sustain the verdict and judgment. Our examination of the evidence gives no occasion to conclude other than that there was ample proof to satisfy the jury of appellant's guilt. The motion for a new trial which presents no distinctive or further contention was properly denied.

Judgment affirmed.

MAIN, C. J., BRIDGES, and HOLCOMB, JJ., concur.

MACKINTOSH, J. (dissenting)—I think the *Klein* case should be overruled. I therefore dissent.