TAMLIN ELWELL *vs.* CORNELIUS SULLIVAN.

Washington. Opinion February 25, 1888.

*Practice. Expression of opinion by the court.*

Remarks of the presiding justice when made to counsel in relation to the manner of conducting a cause then on trial, are not to be regarded as the expression of an opinion upon " issues of fact" within the prohibition of R. S., c. 82, § 83.

When counsel regard a remark of the presiding justice as such an expression of opinion he should call the attention of the court to the fact at the time.

ON exceptions by the defendant.
The point is stated in the opinion.

*George Walker*, for the plaintiff.

*Harvey and Gardner* and *A. McNichol*, for the defendant.

The remark of the presiding justice that the testimony of the defendant " does not contradict Mr. Walker at all," was an expression of opinion upon the evidence, in the presence and hearing of the jury. It was none the less an expression of opinion because made to counsel. It was an incident of the trial and calculated to influence the jury quite as much as if addressed to them in the charge, and it is not to be assumed that they were not influenced by it.

Though men are met who boast that they are so independent as to pay no regard to the arguments of counsel, and sometimes they are equally regardless of the court, yet the fact is that men are rare who are not influenced by the opinion of others, whenever and wherever they have the responsibility of deciding any question of importance addressed to them.

There can scarcely be any more effective way of influencing the jury by the presiding justice than by remarks interposed during the presentation of the evidence which indicate a leaning or opinion to the one side or the other.

FOSTER, J. There is but one ground of complaint in the bill of exceptions which is presented for our consideration. That relates to a remark of the presiding justice made to counsel during the progress of the trial.

Counsel had stated to the court, after inquiry as to the purpose of certain testimony, that he proposed to contradict the statements of the witness, Walker, who had testified upon the other side. Thereupon the testimony was admitted. After the answer of the witness had been given, the court remarked to the counsel of whom the inquiry had been made : "That does not contradict Mr. Walker at all."

No exception was taken, nor was any objection to the remark made known to the presiding justice, until after the jury had returned their verdict.

It is now claimed that the remark thus made was in violation of R. S., c. 82, § 83, and that a new trial should be granted for that reason.

We do not think the statute prohibition should be applied in this case. The court has duties, as well as counsel, in the trial of causes. And it is not every remark of the presiding justice, especially when made to counsel in relation to the manner of conducting a cause, that is to be regarded as the expression of an opinion upon "issues of fact." If counsel thought the remark was in contravention of the statute, and he was desirous of preserving his rights by exceptions, it was his duty to call the attention of the court to the fact at the time, instead of lying by

in silence and taking the chance of a verdict in his favor, and complaining afterward.

It has long been settled that if the presiding judge in his charge inadvertently assumes as uncontroverted any matter of fact in evidence upon which either party desires to raise an issue to the jury, or if through inadvertence he misstates any material fact, it is the duty of counsel to call the attention of the judge to the error at the time in order that the mistake may be rectified before the case is submitted to the jury. When this is not done it is regarded as a waiver of exceptions on such matters. *Harvey* v. *Dodge*, 73 Maine, 318; *Murchie* v. *Gates*, 78 Maine, 306.

The analogy is strong between these principles and the case at bar. The duty of counsel is no more imperative in one instance than in the other.

If the excepting party in this case could properly be said to have had any just cause of complaint, we have no doubt he waived the same by neglecting to make his objections known to the court at the time. *State* v. *Bowe*, 61 Maine, 175; *McLellan* v. *Wheeler*, 70 Maine, 287; *State* v. *Benner*, 64 Maine, 267; *State* v. *Wilkinson*, 76 Maine, 323.

*Exceptions overruled.*

PETERS, C. J., WALTON, DANFORTH, EMERY and HASKELL, JJ., concurred.