[No. 1023. Decided January 5, 1894.]

MICHAEL EARLES, *Respondent*, v. I. N. BIGELOW, *Appellant*.

TRIAL — ADMISSION OF EVIDENCE — OBJECTIONS — JUDICIAL COMMENT — ERRORS NOT RAISED BELOW — VERDICT — SUFFICIENCY OF EVIDENCE.

An objection to the admission of evidence is insufficient to raise any question over its admission unless it states the ground for such objection.

The admission of irrelevant and immaterial testimony is harmless error, when the party objecting is not prejudiced thereby.

Comment on the facts by the judge during the progress of a jury trial is harmless error, when not prejudicial to the party complaining.

Where comment by the judge on the facts is not excepted to at the time, and is not called to the attention of the court thereafter, the error cannot be urged on appeal.

The verdict of a jury in favor of plaintiff for logs furnished defendant is based upon sufficient evidence as to value, when it appears that by the terms of a contract introduced in evidence plaintiff was to receive a certain price per thousand for merchantable logs, and there was further testimony that they were of that value, although the proofs as to the merchantable quality of a large portion of the logs was conflicting.

*Appeal from Superior Court, King County.*

*James Leddy*, and *Fishback, Elder & Hardin*, and *Bronson & Bronson*, for appellant.

*Brady & Schaefer*, for respondent.

The opinion of the court was delivered by

SCOTT, J.— This action was brought to recover the sum of $2,305.29 as a balance due for logs, lumber and piling sold by the plaintiff to the defendant, and for services performed by the plaintiff with his horses and hired men for the defendant, and for the further sum of $233.33 as the rent of a sawmill, which was leased by the plaintiff to the defendant. The plaintiff obtained judgment for the amount claimed, and the defendant appealed.

It appears that respondent is the owner of a sawmill at Clallam Bay, which he leased to appellant on the 11th day of December, 1891, for the term of one year, commencing on the 14th day of said month, at a rental of $50 per month. Said lease was in writing, and was introduced in evidence without objection as plaintiff's exhibit C. It further provided that the lessee might purchase said mill property at any time during the term of said lease for a price therein stipulated; and it further authorized him to remove, at the expiration of the lease, any machinery that he might place upon said premises, or to remove any building which he might erect upon the land upon which the

mill stood.   It further provided that the lessee, at the ex-
piration of the lease, should return the premises in ques-
tion, in case he did not purchase the same, in as good
condition as they were when the lease was executed, use,
wear, inevitable accident and loss by fire excepted; and
contained the further statement that said premises were at
that time in good order and condition, and that the lessee
would keep the same in good repair during said term at
his own expense, with other provisions therein contained.

On the same day the lease was executed plaintiff entered
into another contract in writing with the defendant, whereby
he agreed to cut and deliver to the defendant twenty thou-
sand feet of merchantable logs per day for the period of
four months from the 12th day of December, 1891, at
three dollars per thousand feet.   This document was in-
troduced in evidence as plaintiff's exhibit D.

It further appeared that, on the 11th day of April, 1892,
a further instrument in writing was entered into between
plaintiff and the defendant, from the face whereof it ap-
peared that one D. E. Bigelow was interested with the de-
fendant.   This instrument was introduced in evidence as
plaintiff's exhibit E.   The defendant objected to its ad-
mission, but no ground of objection was stated.   This in-
strument recites that, whereas the said first parties (I. N.
Bigelow and D. E. Bigelow) are indebted to the second
party "in about the sum of ($2,900) twenty-nine hundred
dollars (the exact amount not having been ascertained),"
and that as said first parties are about to make shipments
of lumber to various persons, and particularly one ship-
ment of the value of $1,450, now being loaded on a certain
ship named, and as said first parties were desirous of hav-
ing the second party receive the proceeds of said shipment,
it was agreed that the first parties would, as soon as they
received the bill of lading from the captain of the said
ship, draw a draft on the consignee, directing the consignee

to pay said second party the sum of $1,450 aforesaid. It further contained a like agreement to draw a like draft for the sum of $1,250 subsequently upon the shipment of a second cargo. It was further stipulated therein that the second party, upon the receipt of the second draft mentioned, would cancel the lease aforesaid, and "release the said first parties from all obligations incurred thereunder, and that said second party would pay to the said first parties the reasonable value of all improvements made upon said property by the first parties, said value to be determined by disinterested appraisers, three in number, two of whom were to be selected by said parties and the third to be selected by the two chosen." And, further, that said first parties were to give up quiet and peaceable possession of said property to the second party upon the cancellation of said lease. And said second party thereby agreed to furnish logs sufficient for the completion of the second cargo above referred to. And it further stated "that it is understood by and between the parties hereto that this contract is not to be construed as determining the amount due, or that may become due, to the party of the second part."

The defendant, after denying some of the allegations of the complaint, set up a counterclaim in the sum of $2,513 for goods sold and delivered to the plaintiff during the time of the operation of the mill, the same consisting of machinery furnished for the mill; and a further counterclaim in the sum of $50 for work performed in constructing a log boom, the whole relating to improvements upon the mill property by the lessee while operating the mill under the lease, and further set up the contract, exhibit D aforesaid, and alleged the failure on the part of the plaintiff to deliver the logs as therein contracted, to the damage of the defendant in the sum of $1,532. The plaintiff replied to this new matter, denying most of the matters

alleged, but admitting the execution of exhibit D, a copy
of which was set forth in said pleading, and alleged his
compliance therewith.

The errors alleged upon the part of appellant will be
taken up in the order in which they are argued in his brief.
First, it is contended that the court erred in admitting
plaintiff's exhibit E, as an admission by appellant that he
was indebted to the respondent.    In this connection, how-
ever, the failure of appellant to state any ground of objec-
tion to the admission of said document when it was offered
was insufficient to raise any question over its admission.

It appears that appellant subsequently moved to strike
this exhibit from the evidence, on the ground that it was
not between the parties to this action.    The proof showed,
however, that it was in relation to the same business, and
D. E. Bigelow, who executed the same with the defendant,
was alleged by the plaintiff in his complaint to have been
an agent only of the defendant I. N. Bigelow, and this was
not denied in the amended answer.    It clearly appears
that said instrument concerned the same matters here in
controversy, and that it was the indebtedness of the de-
fendant to the respondent which was referred to.    This
motion was denied by the court, and properly so under
the circumstances.

The next point urged is, that the court erred in admitting
plaintiff's exhibit D, to the admission of which the defend-
ant objected on the ground that it was irrelevant and im-
material under the state of the pleadings.    It is not clear
that this instrument was of any special importance in the
case, although the contract price mentioned may have been
some proof of the value of the logs.    But we are unable
to see how its admission could have prejudiced the defend-
ant in any way.

The next point complained of is over a question asked
the defendant while on the stand as to whether he had not

asked one Kellogg to go his security upon his indebtedness to the plaintiff. This was objected to, but no ground was stated. The court overruled the objection. The defendant having denied being indebted to the plaintiff in any sum, the fact of his having asked another person to go his security was some evidence of his being so indebted, but no point is raised here, because of the failure of the defendant to state any ground in his objection to the admission of such testimony.

The fourth point is, that the court erred in allowing the plaintiff to prove that the defendant had damaged the mill while in his possession more than enough to offset the value of the improvements for which the defendant sought to recover. It is contended that this proof was inadmissible under the pleadings, and we are of the opinion that this objection was well taken in that respect. Notwithstanding this, however, we think there was no prejudicial error, for the reason that the proof of these improvements by defendant for which he sought to recover in his first and second counterclaims was improperly admitted. The plaintiff objected to the admission of this testimony, and moved to strike the same, upon the ground that, as the defendant had agreed in writing to submit the claim to arbitrators, he could not maintain a suit therefor.

It appears that the defendant amended his answer during the trial, setting up the counterclaims for these improvements. It further appears that the only agreement upon the part of the plaintiff to pay for the same was contained in said exhibit E, and this was to pay the value thereof to be determined by arbitration. It further appears that, in pursuance of this agreement, arbitrators were appointed, but that they failed to proceed with the arbitration, because of the refusal and failure of the defendant to attend and to proceed upon his part in the premises. Such being the case, the original lease having provided that the

defendant might remove all improvements from the premises at the expiration of the lease made by him during the term, and as the plaintiff had never agreed to pay for any of said improvements excepting by virtue of the agreement contained in said exhibit E, and as there had been no determination of the value of said improvements as provided in said agreement, which was due to the failure upon the part of the defendant to proceed in the premises, the court should not have permitted proof of such improvements to be made, and the proof of damages to the mill was only introduced by plaintiff for the purpose of offsetting this particular claim. No amount of damages was proven, it only appearing from the testimony of certain witnesses that in their opinion the amount of the damage to the mill by the defendant was sufficient to offset, or more than offset, the value of all improvements he had placed thereon. This makes the action of the court in admitting proof of such damage harmless and not prejudicial to the defendant, and the whole of said testimony will be considered as stricken from the case. It is evident from the amount claimed in the complaint, and from the verdict for this precise sum, that the jury allowed the plaintiff nothing for such damages beyond offsetting the same against the improvements claimed, nor could they have done so under the proof.

The fifth error complained of is, that the court commented on the facts. Two instances are alleged, wherein it is claimed the court erred in this particular. The first was in answer to a question asked by one of the jurymen as to whether the defendant admitted in the contract that he owed so many dollars, and he answered, "I don't understand that he has admitted anything." And said further, in answer to another question, "that the contract did not purport to fix any amount as due from the defendant to the plaintiff," the contract referred to being exhibit E,

aforesaid; and that "it was offered simply for the purpose of showing that the probability is that there was a balance due from the defendant to plaintiff at that time, which had not been paid, but that he did not undertake to fix that amount." If this was error it was not prejudicial to the defendant.

The second instance complained of arose wherein a witness had stated that the defendant left the mill peaceably, and never demanded any possession of the improvements or any property therein, whereupon the court said: "And this transaction took place three months after this action was instituted." It is not clear what bearing, if any, this remark would have upon the testimony. The appellant contends that it would have an effect prejudicial to him as emphasizing the fact that the defendant peacefully vacated the premises three months after the present suit was commenced. However this may be, the remark was not excepted to at the time, nor does it affirmatively appear that it was ever called to the attention of the court thereafter. In his motion for a new trial, and as one of the grounds upon which the defendant asked therefor, he alleged irregularity in the proceedings of the court occurring at the trial, but there was no attempt to specify what these irregularities were. Before a point can be relied upon as error in this court, it must appear that it has been called to the attention of the trial court, and it not so appearing in this instance the point is waived.

The sixth and seventh points raised by the appellant are over the instructions which were given by the court to the jury, but an examination of the record shows that no exceptions were taken to any of the instructions, and consequently no point was raised with reference to them.

The next point alleged is, that the testimony is insufficient to sustain the verdict, in that there is an entire absence in some material points, and that as to others the

overwhelming weight of the evidence was with the defend-
ant. It is contended that there was no evidence of the
value of the logs for which the plaintiff sought to recover.
This contention, however, is not borne out by the record.
It appears that one of the witnesses, while upon the stand,
stated that three dollars per thousand was a very reason-
able price, referring to the logs which had been delivered
by the plaintiff to the defendant, and the contract price
mentioned in exhibit D was some evidence of the value.
This is not questioned by the appellant; but he contends
that it would be evidence only of the value of the mer-
chantable logs, and that a large quantity of the logs deliv-
ered by the plaintiff to the defendant were not merchantable
in quality. Upon this, however, the proof is conflicting.
We think there was evidence of the value sufficient to sus-
tain the verdict.

As to the further question raised over the weight of the
proof, the case presented calls for no interference upon
our part relating thereto.

The last point urged is, that the action for the value of
the logs should have been brought on the original contract,
exhibit D. But we are of the opinion that this point was
not raised, whether there is any merit in it or not. The
parties saw fit to go to trial upon the pleadings as they
stood, and testimony as to the value of the logs was intro-
duced without objection. We are also of the opinion that
this original contract with regard to the logs was abrogated
by the subsequent one, exhibit E aforesaid, wherein the
plaintiff agreed to deliver sufficient logs to complete the
particular cargo mentioned. The intent of the parties, as
expressed by this agreement, was evidently to provide for
the cancellation of, and to abrogate, all former agreements
between them in relation to the matters in controversy.
As to whether the plaintiff would have been bound by
the contract price mentioned in said exhibit D is im-

material, for he only sought to recover $3 per thousand feet, which was the same amount therein stipulated, and as to whether the logs were merchantable or not in quality, the proof was conflicting, and this was for the jury to pass upon.

We are of the opinion that there was no error in the premises, prejudicial to appellant; consequently the judgment is affirmed.

DUNBAR, C. J., and STILES and ANDERS, JJ., concur.

HOYT, J., dissents.