# Medis v. Bentley, Appellant.

*Negligence—Master and servant—Dangerous machinery—Infant—Case for jury.*

In an action by a boy thirteen years old against his employer to recover damages for personal injuries, it appeared that the plaintiff had been employed in the defendant's rope factory three weeks at work not connected with the machinery. Two or three days before he was injured he was put to work by the defendant's foreman at a drawing frame. At this machine strips of hemp wound on spools were placed in cans three feet deep. The ends of the strips were passed over the drawing frame to the machinery above by means of which they were twisted into rope or twine. The boy was required to watch twenty-four of these cans, to remove empty ones and place full ones in position, and when the strips should break to unite their ends. While he was engaged in this work, a strip broke in a can that was nearly empty. In reaching down to the bottom of this can with his left hand, his right hand was raised and his sleeve was caught by the cogwheels in the overhead machinery. These cogwheels were exposed and unguarded, and an operator of the machine might come in contact with them if he should pass under the head of the drawing frame. The plaintiff testified that he did not know of the existence of the cogwheels and that he had not been instructed where to stand in doing his work. *Held*, that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

*Practice, C. P.—Trial—Charge.*

If the trial judge has inadvertently erred in commenting on testimony not properly in the case, it is the duty of counsel to call his attention to it at the time, in order that he may make any necessary correction.

Argued Oct. 16, 1906. Appeals, Nos. 117 and 118, Oct. T., 1906, by defendant, from judgment of C. P. Beaver Co., March T., 1904, No. 193, on verdict for plaintiff in case of John Calvin Medis in his own right and Isaac Leslie Medis, by John Calvin Medis, his next friend, v. Bentley & Gerwig, Limited. Before MITCHELL, C. J., FELL, BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HOLT, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for John Calvin Medis for $483.37 and for Isaac Leslie Medis for $1,526.70.

*Errors assigned* were (1) in refusing binding instructions

for defendant; (4–7) portions of charge as to which it was averred the court had improperly treated the evidence.

*William W. Wishart,* with him *John M. Buchanan* and *James L. Hogan,* for appellant.—It was error to submit the case to the jury: Fick v. Jackson, 3 Pa. Superior Ct. 378; O'Keefe v. Thorn, 24 W. N. C. 379; Zurn v. Tetlow, 134 Pa. 213; Ash v. Verlenden, 154 Pa. 246; McDevitt v. Miller, 17 Lanc. L. R. 247; Betz v. Winter, 195 Pa. 346; Kaufhold v. Arnold, 163 Pa. 269; Gillen v. Rowley, 134 Pa. 209; Whitehead v. Alrich, 1 W. N. C. 505; Reese v. Hershey, 163 Pa. 253.

*Frank H. Laird,* with him *James H. Cunningham,* for appellee, cited: Hydraulic Works Co. v. Orr, 83 Pa. 332; Summers v. Brewing Co., 143 Pa. 114; Kehler v. Schwenk, 151 Pa. 505; Rummel v. Dilworth, 131 Pa. 509; Kilkeary v. Thackery, 165 Pa. 584; Cargill v. Towel Supply & Laundry Co., 185 Pa. 269.

OPINION BY MR. JUSTICE FELL, January 7, 1907 :

The negligence alleged in this case was in putting an inexperienced boy to work at a dangerous machine without having warned him of the danger to which he was exposed or instructed him how to do his work. The main question to be considered is whether the case should have been withdrawn from the jury.

The plaintiff, who was injured, was thirteen and a half years old and had been employed in the defendant's rope factory three weeks at work not connected with the machinery. Two or three days before he was injured he was put to work by the defendant's foreman at a drawing frame. At this machine strips of hemp wound on spools were placed in cans three feet deep. The ends of the strips were passed over the drawing frame to the machinery above, by means of which they were twisted into rope or twine. The boy was required to watch twenty-four of these cans, to remove empty ones and place full ones in position, and when the strips should break to unite their ends. While he was engaged in this work, a strip broke in a can that was nearly empty. In reaching down to the bottom of this can with his left hand, his right hand was raised and his sleeve was caught

by the cogwheels in the overhead machinery. These cogwheels were exposed and unguarded, and an operator of the machine might come in contact with them if he should pass under the head of the drawing frame. The plaintiff testified that he did not know of the existence of the cogwheels and that he had not been instructed where to stand in doing his work. This clearly made out a case for the jury. It is the duty of an employer to give suitable instructions to an inexperienced youth employed about dangerous machinery. Whether this duty was performed was a question of fact under the disputed testimony.

The objection that the learned trial judge in his charge commented upon testimony that was not in the case is not well founded. A question had been answered by a witness before the objection was made and the judge was not asked to strike out the testimony. If there had been an inadvertent error in commenting upon testimony not properly in the case, the duty of counsel was to call the attention of the judge to it at the time in order that he might make any necessary correction. "If the judge in referring to the testimony of a witness misquoted it in a material point, his attention should have been called to the error at once, before the jury retired. A party may not sit silent and take his chance of a verdict, and then if it is adverse complain of a matter which if an error would have been immediately rectified and made harmless:" Commonwealth v. Razmus, 210 Pa. 609.

The judgment is affirmed.