## HALE *v.* HINKLE MERCANTILE CO.

(Division B. March 9, 1931.)

[132 So. 751. No. 29289.]

Thos. H. Johnston, of Corinth, for appellant.

**W. C. Sweat** and **Conn & Conn,** all of Corinth, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action in the circuit court of Alcorn county against appellees, a partnership composed of A. E. Ray and T. H. Ray, for damages for injuries sustained by him and the car driven by him, in a collision between his car and a truck being driven by the said A. E. Ray, the injuries alleged to have been caused by the negligence of the latter. There was a trial, resulting in a verdict and judgment for appellees, from which judgment appellant prosecutes this appeal.

Appellant was driving southward in his automobile from Corinth to Baldwin in this state, on the Gulf Highway. A. E. Ray, a member of appellee firm, who was engaged in the partnership business of the firm, was driving a truck loaded with five bales of cotton, coming out of a byroad from the west, entering the Gulf Highway. After the truck got into the Gulf Highway, appellant ran his car into it, injuring himself and his car.

Appellant's evidence was sufficient to make the question of liability an issue for the jury. However, the evidence tending to show negligence on the part of appel-

lees, proximately contributing to the injury, was weak; while the evidence in support of non-negligence on the part of appellants was very strong and convincing—in fact, overwhelming.

Notwithstanding the fact that the court gave two instructions for appellee which were perhaps erroneous, nevertheless the judgment ought to stand, because it is apparent from the whole record that the verdict was right on the facts of the case.

A new trial will not be granted because of erroneous instructions, if the verdict of the jury be plainly and clearly right, according to the law and the justice of the case; and especially where there is little prospect of a different result being reached on another trial. Hill v. Calvin, 4 How. 231; Pritchard v. Myers, 11 Smedes & M. 169; Wiggins v. McGimpsey, 13 Smedes & M. 532; Magee v. Harrington, 13 Smedes & M. 403; Baskins v. Winston, 24 Miss. 431; Simpson v. Bowdon, 23 Miss. 524; Brantley v. Carter, 26 Miss. 282; Dozier v. Ellis, 28 Miss. 730; Fore v. Williams, 35 Miss. 533; Cameron v. Watson, 40 Miss. 191; Perry v. Clarke, 5 How. 495; Barringer v. Nesbit, 1 Smedes & M. 22; McMullen v. Mayo, 8 Smedes & M. 298; Head's Case, 44 Miss. 731; Evan's Case, 44 Miss. 762; Hanks v. Neal, 44 Miss. 212; Memphis & C. R. Co. v. Whitfield, 44 Miss. 466, 7 Am. Rep. 699.

We think this case comes within those principles. The great preponderance of the reasonable evidence showed that appellant's injury was caused solely by his own negligence, and not because of any negligence on the part of appellee. The challenged instructions, therefore, were harmless; they could not have misled the jury.

Affirmed.