BUMPUS *v.* STATE.

(En Banc. Dec. 12, 1932.)

[144 So. 897. No. 30043.]

**J. W. Bell, Jr.,** and **J. D. Magruder,** both of Tunica, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a death sentence on a conviction of murder. The assignments of error are to the effect:

(1) That the evidence does not disclose that the deceased, a woman, died as the result of the wounds inflicted on her by the appellant: and

(2) That the judge of the court below made a certain statement in the presence of the jury that was prejudicial to the appellant.

No witness, except one whose testimony was excluded, testified directly that the deceased died from the effect of her wounds; but, without such, the evidence not only justifies that conclusion, but renders it almost inescapable.

The deceased, whose name was Ruby, was the appellant's wife, and the evidence discloses that she and several others were together on a public street in the town of Robinsonville engaged in a conversation, when the appellant approached and asked her "what time she wanted to go down there and get those things," and without more, hit her with his fist, and then drew a pistol, and on the deceased's starting to run from him, he shot her in the leg, when she turned and faced him, and he again shot her twice, once in the stomach at such close range that her clothing was set on fire. She then fell and immediately thereafter was placed in an automobile to be carried to a hospital in Memphis, Tennessee, but died in the automobile when it reached Walls, Mississippi; one of the occupants thereof stating that they stopped the automobile when they saw she was dying.

The argument that this evidence does not exclude other causes for her death than her wounds is without merit.

At the close of the evidence, counsel for the appellant made several motions in the presence of the jury, all of which were overruled; counsel stating his reasons for sustaining the motions, and the judge replying thereto.

The colloquy between the judge and counsel in which the statements of the judge here complained of were made, as it appears in the record, is as follows:

"JUDGE MAGRUDER: Now your honor, we made a motion to exclude all of this evidence, and to discharge the defendant, because the proof here does not show by anybody that she died from this wound; the only other witness that testified about it was her mother and she does not say that she died from it. She said she died at Walls, but she does not say what killed her.

"THE COURT: The proof shows that the mother was not there when she was shot. The proof shows that she was shot; that her clothes were on fire, that she died a short while afterward.

"JUDGE MAGRUDER: Might have been killed in an automobile wreck, Robinsonville, some distance from Walls, does not show what she died from. Now then, nobody else shows what she died from.

"THE COURT: The evidence shows that she was shot in the stomach, her clothes were on fire, and died shortly afterward. That is a matter for the jury; I think the jury can say under the proof, whether she died from wounds or other causes. That is a matter for the jury.

"JUDGE MAGRUDER: We object to the statements of your Honor in the presence of the jury, and ask that that go into the record.

"THE COURT: All right, what statements?

"JUDGE MAGRUDER: That the jury can say from the location of the wound that she died from it.

"THE COURT: The court holds that it is a question purely and entirely for the jury to settle, that they heard the evidence in the case, and they can bring in their verdict according to the evidence. If the evidence shows, according to their judgment, that the pistol shots of this defendant caused that woman to die, why, it is then within their province to do it. They are judges of the facts in the case, and, of course, the motion is overruled. Defendant excepts.

"MR. BELL: If your Honor please, we would like to dictate a short statement into the record to show clearly our reasons for objecting. That the statement of court constitutes an instruction to the jury.

"THE COURT: The statement of the court is in response to the motion made, giving legal reasons why that motion should be overruled—clearly within the power of the court to do that. The court did it, and the court believes he is right in doing it, and for that reason, the motion is overruled. Defendant excepts. Defendant rests."

The contention here is that "the statements made by the court in response to the motion for a directed verdict in favor of the defendant, which statements were made in the presence of the jury, constituted a comment on the testimony, and a charge to the jury on the weight of the evidence," in support of which section 586, Code 1930, and several decisions construing it, are invoked.

The statement made by the judge was not in form of, or intended to be, an instruction to the jury, and if they heard it, it advised them only of what they were bound to have known when the court submitted the case to them; that is, that there was sufficient evidence, if believed by them, to warrant the appellant's conviction. In other words, that question was for their decision on the evidence.

In passing, we will say that the statute invoked does not place the judge in a strait-jacket nor prevent him from having anything to say during the progress of a trial. Of course, he should keep off of the province of the jury, and not try to influence their verdict; and while it might be safer for him to rule without giving his reasons therefor, he has the right to give such reasons if he so desires, and to show why, in his opinion, the reasons advanced for a contrary ruling are unsound. In so doing, he may go too far and transgress the proprieties; but such is not the case here.

It is true that "an overspeaking judge is no well-tuned

cymbal,'' but, in language somewhat similar to that of Mr. Justice McReynolds, in Berger v. U. S., 255 U. S. 43, 41 S. Ct. 230, 65 L. Ed. 489, neither is an aphonic dummy a becoming receptacle for judicial power.

Affirmed, and January 19, 1933, set as date of the execution.   Affirmed.