GRIFFIN *v.* STATE.

(Division B.    Oct. 8, 1934.)

[156 So. 652.    No. 31066.]

**L. P. Spinks,** of De Kalb, for appellant.

**Wm. H. Maynard,** Assistant Attorney-General, for the state.

Argued orally by **L. P. Spinks**, for appellant, and by **Wm. H. Maynard**, for the state.

**Griffith, J.**, delivered the opinion of the court.

Appellant was indicted and tried for the unlawful manufacture of intoxicating liquor; he was convicted of an attempt to manufacture and was sentenced to the penitentiary. The evidence was not sufficient to show the completed offense, but was ample to uphold the conviction of an attempt; and, therefore, in that respect the verdict and judgment are valid, as held in Chandler v. State, 143 Miss. 312, 108 So. 723. There was no reversible error by the court in ruling upon the various objections and motions interposed during and after the trial—and so clearly so, as we think, that no specific mention of them is required, other than as to the matters which we shall now undertake to discuss.

Complaint is made in regard to the conduct of the circuit judge during the progress of the trial. It is said that the judge unduly interfered to curtail the privilege of examination of the witnesses; that at several points in the trial he took over the examination of witnesses, as if counsel in the case; and that he commented on the weight of the evidence in ruling on objections. We have carefully examined the entire record and do not find therein any substantial ground for the stated complaints.

It is one of the foremost duties of trial judges to see to it that, while full and fair opportunity shall be afforded the parties to prove and argue their respective conten-

tions, this shall be done with due and faithful regard to the economy of time and judicial expenses. When, therefore, there is an undue repetition of substantially the same questions, when the examination departs from the issues, or rambles into immaterial inquiries, it is the duty of the trial judge to interpose and to prevent the waste of time, and of expense. Bowers, Trial Courts, section 249. This is due to the jury, that the members thereof shall not be worn out, and their minds confused, by immaterial inquiries. It is due to other litigants who are waiting to have their cases tried and, more important still, it is due to the taxpayers from whose pockets the expense of every hour of wasted time in trials is taken, and wrongfully taken.

One of the instances complained of, and which may be used as an illustration, occurred in the examination of the sheriff as a witness. Up to that time there had been no testimony by any witness other than that the land upon which several persons had been searching for the whisky still was land owned by and under the sole control of Mr. Milton Smith, who was along with the searches and was actively assisting in the search. But counsel entered upon an examination to show that there was no search warrant, whereupon the judge interposed with the inquiry: "What has a search warrant to do with it? Does Mr. Smith have to have a search warrant to search his own land?" To this inquiry counsel responded that there would be a question as to the land lines, and the court observed that when a dispute on that issue has been brought into the case, the examination as to a search warrant would then be competent. Certainly, it was not competent before that time, and when the judge interposed and made the stated inquiry he was entirely within his privilege; moreover, he was performing a duty, as we have already explained.

Upon the point that the judge interrupted with in-

terrogatories to witnesses, it may be at once remarked that the powers and duties of the circuit judge are not so broad in this respect as are those of a chancellor, Moore v. Sykes' Estate, 167 Miss. 212, 149 So. 789, for the chancellor is both judge and jury. Nevertheless, the circuit judge "has an undoubted right to interrogate witnesses in the interest and for the purpose of developing the truth of the matter at issue, and he likewise has a discretion to determine when a necessity or propriety therefor exists." There is the frightened or excited witness to whom, by a few discreet and sympathetic interrogatories by the court, normal mental processes may be restored; there is the recalcitrant, stubborn, or extremely partisan witness upon whom it may become necessary to place the power of the court itself in order to make the witness disgorge all, instead of only a part, of the material facts actually known to him; there is a witness whose testimony is confused and in a fog, and counsel either fails to clear it up with reasonable promptness or, as often happens, adds to the confusion by a confused course of examination. And there is the witness whose presence or position during the course of the transaction under investigation, or whose relation to it, makes it apparent that he has personal knowledge of a fact or facts distinctly material and essential to a correct adjudication of the case, and yet counsel for neither side has developed that fact—in which case in the interest of justice the court may, and sometimes must, assume that the omission of counsel was an oversight or misconception, and thereupon the judge may proceed by propounding, in a fair and impartial manner, the appropriate interrogatories to bring out the omitted material and essential fact or facts. These are examples of some of the situations in which the trial judge may and sometimes must take a hand in the examination of a witness; and while he will be careful not to be over-ready in such efforts on

his part, and shall be on guard so as not to substantially indicate to the jury any opinion as to how the disputed facts are to be decided, the occasion and the manner must be left to a large extent to his intelligent judicial discretion, a discretion which is reviewable on appeal only when it has clearly been abused; and such is not the case now before us. Bowers, Trial Courts, sections 399-401.

In regard to the comments on the evidence in ruling on objections, this court has already dealt with that subject in Bumpus v. State, 166 Miss. 276, 144 So. 897, 899, wherein the court said that when the trial judge rules upon an objection, and to do so it is necessary to consider whether there is any evidence upon the point of the objection sufficient to go to the jury, the judge is privileged to comment thereon as being thus sufficient, because such a comment would advise the jury only of what they were bound to have known when the court submitted the case to them. Conversely, if there be no sufficient evidence upon the point, the court will not permit the particular issue to go to the jury, and thus there will be nothing in substance about which the jury would be influenced by comments upon such insufficient evidence. Certainly, the judge in his comments, as in instances of interrogatories by him to witnesses, must be reasonably careful to so frame his language as not to indicate to the jury how disputed facts involved in the objection shall be decided; but, as already said, we do not see from this record that the rule was transgressed in this case. It is probably true, and should be true, that in most instances the trial judge will rule upon objections without giving any reasons therefor, but in pursuing that course of safety, if adhered to throughout an entire trial and in every trial, he would encounter the danger of being considered by litigants and counsel in his court as having only a passive understanding of the

legal aspects of cases and with little care as to what happened in them in that regard. This impression would not be to the public interest, and the judge must be privileged to avoid it by comment to a reasonable, but only to a reasonable, extent. We repeat what was said in respect to the trial judge in Bumpus v. State, supra: " 'An overspeaking judge is no well-tuned cymbal,' . . . neither is an aphonic dummy a becoming receptacle for judicial power."

Affirmed.