PRODUCERS GIN ASSOCIATION *v.* BECK.

Oct. 27, 1952

No. 38462 5 Adv. S. 30 60 So. 2d 642

*Smith & Jones,* for appellant.

266

*Alexander, Feduccia & Alexander*, for appellee.

Hall, J.

Appellant brought an action of unlawful entry and detainer against appellee for recovery of possession of a dwelling house and from a judgment in its favor ap-

pellee appealed to the circuit court. While that cause was pending appellee brought suit against appellant in the circuit court for recovery of a balance of $500.00 due on his salary under an alleged contract of employment for one year under the terms of which it was claimed by appellee that appellant was to furnish him the dwelling house aforesaid and pay him a salary of $50.00 per week for his services as operator of appellant's cotton gin. By agreement of the parties the two causes were consolidated for trial in the circuit court with appellant "being made the plaintiff in both cases and proceeding as plaintiff ordinarily proceeds, and with the same burden."

In 1948 appellee was employed by appellant under an oral agreement in the capacity mentioned on a weekly basis and entered upon the discharge of his duties on July 5, 1948. Under this agreement appellant was to furnish him the dwelling house and pay him a salary of $33.00 per week until the ginning season started and his weekly salary was then to be $50.00. Appellee was to work under the orders and direction of D. F. Lifer who was manager of the gin as well as Secretary and Treasurer of appellant. Appellee established with considerable corroboration that in a short time after this employment he had an oral agreement with Lifer whereby his employment was to run for a period of one year ending July 5, 1949; that about the expiration of that term there was another oral agreement whereby he was employed for a period of another year ending July 5, 1950, at a straight salary of $50.00 per week, with the dwelling house furnished to him; and that about the expiration of that term there was another oral agreement whereby he was employed on the same basis for another year ending July 5, 1951. Appellee was discharged on January 2, 1951, after he had entered upon his duties for that day. Appellant notified him that possession of the dwelling house was desired but agreed that he might occupy it for the remainder of that month. Upon his

failure to remove from the premises at the end of the month, the unlawful entry and detainer suit was instituted. Appellee sought other employment which he finally obtained on March 5, 1951, and brought suit for the salary due him up to that time.

On sharply conflicting testimony the issue was submitted to the jury on the question whether there was such a contract as above mentioned. The jury returned a verdict in favor of appellant for possession of the dwelling house but allowed no rent therefor, and it also returned a separate verdict in favor of appellee in the salary suit for the sum of $400.00 from which this appeal is prosecuted.

· Appellant's first contention is that there was no consideration for the alleged supplemental contract whereby appellee claims to have been employed for a year and that for this reason the supplemental contract was void. We do not agree with that contention. In 12 Am. Jur. p. 989, Contracts, Sec. 411, it is said: "Although some authorities state that the consideration for the original contract is sufficient to support a substituted contract and that new consideration is unnecessary, most authorities support the rule that a new consideration is essential to the substitution of one contract for another. A contract may be superseded by another contract even though the new contract consists merely of mutual promises. The mutual agreement of the parties to a bilateral executory contract, before a breach thereof, to abrogate and discharge it and to substitute in its stead a new contract conferring advantages or imposing new burdens on both constitutes a sufficient consideration to support the substituted contract." And in 12 Am. Jur. p. 960, Contracts, Sec. 412, it is said: **(Hn 1)** "Any new agreement between the parties to an existing executory contract, made in substitution or modification of the elder compact and bilateral in benefit or burden, has, like the primary contract, a sufficient consideration in the mutual advantages or obligations which it confers or imposes."

It is in evidence that during the ginning season, which usually lasts approximately four months of the year, the gin operator is compelled to work unusually long hours, sometimes as much as twenty-four hours a day without rest, while during the remaining months the hours of work are not long nor the work burdensome. It is further in evidence that as a result of this situation gin operators would frequently quit their employment at the beginning of the ginning season and that appellant had had trouble in this respect. It was therefore to appellant's advantage to bind its gin operator to a yearly contract so as to obviate the trouble and difficulty of having to find a new gin operator at the beginning of or during the ginning season. It is also in evidence that appellee had a son in high school and another in college and he was desirous of obtaining employment by the year so that he might be assured that his services would not be dispensed with at the close of the ginning season which falls during the middle of the school term. **(Hn 2)** These mutual advantages were in our opinion a sufficient consideration for the making of a contract of employment on a yearly basis, in lieu of the original employment from week to week.

**(Hn 3)** Complaint is next made of an instruction obtained by appellee to the effect that appellant must prove its case "by a preponderance of clear, convincing and credible evidence." This instruction is erroneous. It announces the rule as to burden of proof in cases where fraud is alleged, but it goes beyond the requirement in ordinary civil actions. In 20 Am. Jur. pp. 1099-1100, Evidence, Section 1248, it is said: "There is no doctrine of the law settled more firmly than the rule which authorizes issues of fact in civil cases to be determined in accordance with the preponderance or weight of the evidence. . . . Proof beyond a doubt is not necessary in such an action; nor is certainty or convincing proof ordinarily required." And in 20 Am. Jur. p. 1101, Evidence, Sec. 1250, it is said: "The burden of proof requires the party carrying it to

prove to the jury the fact upon which his case or affirmative defense depends, by a preponderance or greater weight of the credible evidence. . . . There is a conflict of authority on the question of whether a preponderance of the evidence requires the jury to be convinced of the truth of the controlling evidence. According to some courts, while the verdict may be based on a preponderance of the evidence, yet, to be sufficient, it must reasonably satisfy the minds of the jurors. However, the general rule would seem to be that a party is not required to establish a fact to the satisfaction of the jury or to present evidence sufficient to 'convince their minds' of any fact necessary to be shown. Cases upholding this rule take the view that the jury deals only with probabilities, and a greater or less probability, leading, on the whole, to a satisfactory conclusion, is all that can reasonably be required to establish controverted facts." To substantially the same effect is 53 Am. Jur. pp. 553-558, Trial, Secs. 742-746, and 32 C. J. S. pp. 1047-1049, Evidence, Sec. 1020.

(Hn 4) Having determined that the instruction under consideration is erroneous and should not have been granted by the trial court, we are brought to a consideration of Rule 11 of this Court which provides: "No judgment shall be reversed on the ground of misdirection to the jury . . . unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice." We have carefully considered the voluminous record in this case and we are unable to say that the judgment has resulted in a miscarriage of justice, or that a different result would probably be reached upon another trial, and, while we disapprove the quoted instruction, particularly in the use of the word "convincing", and warn against its future use, we have reached the conclusion that the error therein is not so prejudicial as to require a reversal.

(Hn 5) After the verdict of the jury which found for appellant as to possession of the house but awarded no rent

therefor, appellant filed a motion for entry of a judgment in its favor for double rent. This motion was overruled by the trial court, which action is assigned as error. Appellant throughout the trial did not ask for double rent; it obtained instructions which submitted to the jury the question of possession of the house but made no mention of either single rent or double rent. It made no claim for any rent at all until after the trial and verdict. Thereby it obtained a distinct advantage in the presentation of its case to the jury, and such an advantage was, in our opinion, sufficient to constitute a waiver of its claim for rent. Section 1197, Code of 1942, provides that on appeal in an unlawful entry and detainer action ''The plaintiff *may* claim for all arrears of rent due at the time of such trial'' and that the court shall cause judgment to be entered ''for the amount found to be due.'' Appellant was entitled to claim rent at the trial but it did not do so. The verdict did not find any amount of rent to be due, which is entirely consistent with appellant's failure to claim rent. **(Hn 6)** Trial courts in this state cannot instruct a jury without a request therefor. Masonite Corporation v. Lochridge, 163 Miss. 364, 140 So. 223. If appellant desired a recovery of rent it should have requested an instruction to that effect. If appellee was entitled to recover on his salary claim, there is no dispute that the amount thereof was $500.00. It could well be that the jury may have found that the reasonable rental value of the house for the period it was occupied after January 31, 1951, was $100.00 and that they accordingly gave appellant credit for that amount by reducing appellee's recovery to $400.00. There is no other plausible reason for the verdict for the smaller amount, and we do not think the trial court was in error in overruling the motion for a judgment for rent after the conclusion of the trial.

Appellant also contends that one of appellee's instructions was in effect a peremptory charge, but upon a care-

ful examination thereof we find no merit in this contention. The judgment is accordingly affirmed.

Affirmed.

*Roberds, P. J.,* and *Alexander, Kyle* and *Holmes, JJ.,* concur.