JACKSON YELLOW CAB CO., INC., et al. *v.* ALEXANDER

No. 42495          January 21, 1963          148 So. 2d 674

*Satterfield, Shell, Williams & Buford, K. Hayes Callicutt,* Jackson, for appellants.

*Brunini, Everett, Grantham & Quin, Newt P. Harrison, Ben H. Stone,* Jackson, for appellees.

RODGERS, J.

This is a damage suit for personal injuries resulting from an automobile accident. It came to this Court on appeal from a judgment in favor of appellee for $3,750

in the Circuit Court of the First Judicial District of Hinds County, Mississippi.

The testimony in this case reveals that in the early morning of April 23, 1960, appellee, L. S. Alexander, had been to Steve's place in the northern part of the City of Jackson, Mississippi. When he left Steve's place, driving an automobile, he crossed Highway 49 so that it became necessary to turn around and proceed to a through street in order that he might go to his home in the southern part of Jackson. Appellee came to the intersection of Highway 49 and Northside Drive, traveling in a northerly direction. He intended to turn west on Northside Drive. Highway 49 at this point is divided into two lanes for northbound and southbound traffic. These two lanes are separated by a neutral zone. There are two additional lanes within the intersection, constructed so as to turn into the intermediate zone, and are intended for the use of traffic turning left on Northside Drive. There is a mechanical signal light over the intersection of Highway 49 and Northside Drive. The signal light has the usual green light for "Go", red light for "Stop" and a yellow light for "Caution." It also has a green arrow signal, which comes on when the light is red, directing traffic desiring to turn left to move across the intersection to the left on Northside Drive. The testimony at this point is conflicting to some extent, but since the jury resolved the issue in favor of appellee, we point out evidence on which the jury could have reasonably based its verdict.

Appellee drove his automobile into the left lane at a time when the signal light was red and stopped. It is admitted that his left-turn signal light on his automobile was operating, and that the appellant, Charles W. Israel, saw appellee "Stop" at the intersection and knew that his signal indicated he was about to cross the intersection into Northside Drive, and across the southbound lane of traffic, at a point where appellant, Charles W.

Israel, was rapidly approaching from the north. Appellee Alexander testified that he waited at the intersection until the signal light, indicated by a green arrow, directed traffic to turn left. He then drove out into the intersection, going at a slow rate of speed, in an effort to cross the south lane of traffic on Highway 49. Appellant testified that before he (Israel) reached the intersection, the light had changed from red to green, and that he proceeded through the intersection going south. Some of his testimony on this point is as follows: "* * * what happened?" A. "Well, as I was approaching the intersection I saw the car as he pulled over to the left in the turn lane, and saw him stop, and as I saw I had the green light, I got back down on the gas again, and naturally what anybody would figure, I figured the man was going to wait for me to come across, and just as I got about three car lengths of him, he moved right out in front of me." Israel also testified: "Well, now, I think as I was approaching the intersection the light was turning. * * * A. Well, there was no doubt but that he was going to make a left turn." He finally modified his testimony somewhat by saying "No, sir, I was going to roll on through the intersection at the speed I was going * * *".

Mr. Robert Miller, a witness who was located on the west side of the intersection testified that the light was green facing west at the time of the accident, and that appellant-Israel, was driving about sixty to sixty-five miles per hour. A highway patrolman testified that the green arrow indicated a left turn in the traffic signal and that it stayed on approximately fifteen seconds, and thereafter the green light comes on permitting through traffic, northbound and southbound on Highway 49.

I.

(Hn 1) Appellant complains that the trial court granted appellee several instructions which were erroneous and

prejudicial, the first of which is in the following language:

"The court instructs the jury for the plaintiff that if you believe from a preponderance of the evidence that the traffic control light at the intersection on Northside Drive and Highway 49 was, just prior to and at the moment of the collision, red in the North and South direction, and green in the East and West direction, and if you further believe from a preponderance of the evidence that the plaintiff, L. S. Alexander, had entered the intersection of Northside Drive and Highway 49 and was, at the moment of the collision, headed in a westerly direction and if you further believe from a preponderance of the evidence that the defendant, Charles Israel, was traveling in a Southerly direction and failed to bring his automobile to a stop in obedience to the traffic control device at said intersection, and that the failure of said Charles Israel to obey the traffic control device proximately contributed to said collision, then your verdict must be for the plaintiff, Lucious Alexander."

Appellant argues that the foregoing instruction is fatally defective because it relieves Alexander of all duties required under Sec. 8196, Miss. Code 1942, Rec. The pertinent part of this section is in the following language: "The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard * * *".

It is argued that this instruction permits a person to run a red light and turn left in front of a person running the red light from the opposite direction and proceed through the intersection. We are of the opinion, however, that this instruction is not defective for the foregoing reason because the testimony showed that although the signal light was red north and south on Highway

49, the appellee was directed by a green arrow to move out into the intersection to the left, which he did. Moreover, the testimony shows that the "green arrow signal" pointing west stayed on for a period of only fifteen seconds before the green "Go" signal appeared to the traffic on the north going south. The map introduced in this case shows that it is a considerable distance from the safety lane on the south side of Northside Drive to the north lane, west of the intersection. The marks made on the map by the witnesses indicate that the accident occurred almost at the northwest corner of the intersection. The appellee, therefore, had traversed almost the entire distance of the intersection. On the other hand, appellant-Israel was just entering the intersection at the point of collision. Since therefore, appellee had turned left in obedience to a "green arrow" signal light, and was in the process of negotiating the intersection at the time appellant-Israel entered the intersection, the provisions of Sec. 8196, Miss. Code 1942, Rec., do not apply. Sec. 8157, Miss. Code 1942, requires a driver of a vehicle to obey the instructions of an official traffic control device, and the applicable part of this section is in the following language:

"(d) Red with green arrow.

"1. Vehicular traffic facing such signal may cautiously enter the intersection only to make the movement indicated by such arrow but shall not interfere with other traffic * * *".

We are therefore of the opinion that this instruction is not defective for the reason set out above, nor do we believe that the instruction assumed that appellee had a green light as he headed west. Cf. Junakin v. Kuykendall, 237 Miss. 255, 114 So. 2d 666; Coca-Cola Bottling Works of Greenwood, et al. v. Hand, 186 Miss. 893, 191 So. 674; Hamilton v. McCry, 229 Miss. 481, 91 So. 2d 564.

## II.

(Hn 2) It appears that Instruction No. 3, taken alone, is defective under the facts here presented, although it is similar to one approved in Hamilton v. McCry, supra. We are of the opinion, however, that all of the instructions given by the court to appellee and appellant, taken together, fairly announce the law with reference to negligence and damage in this case. We do not believe that the defect in Instruction No. 3 is prejudicial error, but, if error, it is harmless because it is apparent from the entire record that the jury reached the proper verdict under the facts.

The general rule with reference to prejudicial errors has been expressed in 3 Am. Jur., Appeal and Error, Sec. 1111, p. 634, in the following language:

"One test that has been frequently held determinative of the prejudicial character of error in instructions is the correctness of the result; if that is correct, the error is not reversible. When the undisputed evidence establishes the correctness of the verdict, so that either with or without the erroneous instruction the verdict could not have been otherwise than it was and, had it been otherwise, it would have been set aside by the court, or if the result is one that might properly be directed by the court, technical errors will be disregarded." See Hale v. Hinkle Mercantile Co., 159 Miss. 796, 132 So. 751; Producers Gin Association v. Beck, 215 Miss. 263, 60 So. 2d 642; J. J. Newman Lumber Company v. Cameron, 179 Miss. 217, 174 So. 571.

## III.

Appellants complain that the trial judge prejudiced the trial of this case against them by objecting to certain evidence on his own motion. Appellants detailed in their brief the number of times the trial judge interposed objections. For the purpose of this opinion, the following sample of objection is shown. On one occasion, appellee

was being asked by appellants' attorney whether or not he was arrested and given a ticket, and upon being informed that a patrol officer had given him a ticket, he was asked: "What did he give you a ticket for?" Then, "By the Court: I will sustain objection to that. I will make it myself (to the jury) Gentlemen, you will ignore anything with reference to a ticket. That is not competent." It is insisted here by appellants that the interposing of such an objection by the trial judge is prejudicial and is reversible error. It is pointed out by appellee, however, that appellants did not object to the alleged prejudicial remarks of the trial judge at the time, and therefore objection to the conduct of the trial judge is waived. This rule is universally recognized. It is stated in the following language in 53 Am. Jur., Trial, Sec. 92, p. 84: "It is the general rule that prejudicial remarks in the course of a trial made by the court must be seasonably objected to and an exception noted, in the absence of which the question will not ordinarily be reviewed on appeal. In general, the exceptions must be taken at the time the remarks are made. * * *".

In the case of Lyle, et al. v. Johnson, et al., 240 Miss. 154, 126 So. 2d 266, this Court pointed out that: "The trial judge may of his own motion interfere with improper prejudicial statements of attorneys, but it is also the duty of counsel to object and preserve his objection, and promptly make a motion for a new trial."

. (Hn 3) We are therefore of the opinion that in order to obtain a review of the question of propriety of remarks, or conduct of the trial, the remarks must be specially called to the attention of the judge, when made, and the correction thereof requested, or a proper objection made at the time — unless the conduct of the trial judge, on the entire record, was so reprehensible and prejudicial as to deny a fair trial or due process of law. 3 Am. Jur., Appeal and Error, Sec. 373, p. 105;

Medis v. Bentley & Gerwig, Ltd., 216 Pa. St. 324, 65 A. 758; Earles v. Bigelow, 7 Wash. 581, 35 P. 390; Gaudette v. Travis, 11 Nevada 149; Fraim v. National Fire Ins. Co., 170 Pa. St. 151, 32 A. 613, 50 Am. St. Rep. 753; Pennsylvania Company v. Barton, 130 Ill. App. 573; Elwell v. Sullivan, 80 Me. 207, 13 A. 901.

(Hn 4) In addition to the fact that appellant did not give the trial court an opportunity to pass upon an objection to the judge's action, we feel that we should point out that it is the duty of the trial judge to guide the procedure of the trial, and in so doing he is not merely an umpire or referee. This rule is best stated in 53 Am. Jur., Trial, Sec. 74, p. 73, as follows: "The judge conducting a jury trial is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct and the fair and impartial administration of justice between the parties to the legigation. The wide discretionary powers vested in him are to be exercised so that abuses of justice shall not be accomplished under forms of law. He may within reason take all steps necessary to see that the trial is conducted in an orderly manner and kept within bounds prescribed by decency and ordinary rules of good conduct, and statutes which tend to restrict the powers of the judge in controlling the trial are usually given a strict construction * * *".

(Hn 5) The state and federal courts of this country have universally recognized that the trial judge has the authority to see to it that the examination of the witness is conducted in an orderly manner and a wide discretion is given him in controlling such examination. He may state wherein a line of examination is immaterial and restrict the examination, so long as he does not say anything calculated to influence the testimony of the witness or cause the jury to be prejudiced against one of the parties. See 53 Am. Jur., Trials, Sec. 75, p. 74; 3 Am. Jur., Appeal and Error, Sec. 1056, p. 606; Birm-

ingham Ry. & Electric Company v. Ellard, 135 Ala. 433, 33 So. 276; Olson v. Solverson, 71 Wis. 663, 38 N. W. 329; Rankin v. Sharples, 206 Ill. 301, 69 N. E. 9.

In the case of Stevens v. Locke, 156 Miss. 182, 125 So. 529, this Court pointed out that the trial judge had discretion to control the order of the introduction of evidence. In the case of Vail v. City of Jackson, 206 Miss. 299, 40 So. 2d 151, 41 So. 2d 357, this Court found that remarks of the trial judge admonishing the attorney to refrain from delay and get on with the trial were not prejudicial and did not warrant a reversal.

(Hn 6) We have carefully read the evidence to which the trial judge interposed his own objection, and we find no prejudicial error in the effort of the court to keep out of the trial evidence which was not pertinent to the issue, was extraneous, or inadmissible for other reasons.

## IV.

(Hn 7) Appellants complain that a directed verdict should have been granted in their favor because Alexander did not observe any of the other vehicles within the intersection, and for that reason the verdict of the jury is against the great weight of the evidence. We do not believe this argument is tenable however, because assuming that appellee was negligent, contributory negligence on the part of plaintiff is not a bar to an action based upon the negligence of defendant which proximately contributed to the injury of plaintiff.

We are of the opinion that the judgment of the circuit court should be affirmed.

Affirmed.

*Lee, P. J., and Gillespie, McElroy and Jones, JJ.,* concur.