860 So.2d 820 (2003)
Antrina GOLDEN, a/k/a Trina, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00449-COA.
Court of Appeals of Mississippi.
April 1, 2003.
Rehearing Denied August 12, 2003.
Certiorari Denied December 4, 2003.
*821 Linton Cook Kilpatrick, Martin A. Kilpatrick, Greenville, attorneys for appellant.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before SOUTHWICK, P.J., BRIDGES and CHANDLER, JJ.
SOUTHWICK, P.J., for the court.
¶ 1. Antrina Golden was convicted after a jury trial of embezzlement and conspiracy. On appeal, Golden asserts that the trial judge erred by repeatedly interjecting himself into the proceedings and in denying a proposed jury instruction. We find no merit to Golden's claims and affirm.

STATEMENT OF FACTS
¶ 2. On January 15, 2001, Antrina Golden, a cashier at the Lighthouse Point Casino, appeared for her nightly shift. Although Golden testified that she felt sick and told her supervisor she was not feeling well, she nevertheless proceeded to her station. In keeping with the casino's accounting practices, Golden was responsible for repeated counting of the cash on hand. As depicted by the surveillance videos offered at trial, at one point Golden attached bills pulled from the drawer's one dollar currency slot to bound stacks of $100 bills. These stacks were later delivered to a customer, positively identified as Golden's sister, in an unorthodox transaction. Immediately following the exchange, Golden left her post and exited the casino. Once Golden's protracted absence aroused suspicion, casino officials discovered that her cash drawer was short over $19,000. Golden was subsequently convicted of embezzlement and conspiracy. Her appeal has been deflected here.

DISCUSSION

1. Judicial interference
¶ 3. Golden claims that the lower court shirked its responsibility to conduct the *822 proceedings impartially. Golden challenges the behavior and participation of the trial judge as tainting the outcome of the trial.
¶ 4. We first note Golden's procedural failure to make a timely objection to the lower court's actions. To secure review of the judge's remarks and conduct during the trial, Golden had an obligation to make a contemporaneous objection to inappropriate behavior and lodge a proper objection at the time. Powell v. Ayars, 792 So.2d 240, 248 (Miss.2001). A rule of evidence specifies that objection to the court's actions should be made either when the disputed judicial interrogation is made or at the next available opportunity outside the jury's presence. M.R.E. 614(c). Golden's failure to raise a timely objection not only denied the opportunity for corrective measures during trial, it also precludes her from pursuing the claim on appeal. Jackson Yellow Cab Co. v. Alexander, 246 Miss. 268, 148 So.2d 674, 678 (1963).
¶ 5. Golden counters with the Alexander court's narrow exception to the contemporaneous objection rule. That court required objection "unless the conduct of the trial judge, on the entire record, was so reprehensible and prejudicial as to deny a fair trial or due process of law." Id. Golden submits that such egregious conduct was present here. Ten examples are given. Of these, three were the judge's rephrasing of leading questions asked by the district attorney. Four were instances in which the lower court asked casino employees for explanations of casino procedures. The remaining three examples include a request by the judge for the witness to repeat an answer that he was unable to hear; the repetition of a question asked by the district attorney and challenged by Golden; and finally, a request by the court for the defendant to repeat herself.
¶ 6. Golden relies heavily on a case which provides illustrations of situations where a circuit judge may properly interrogate a witness. Griffin v. State, 171 Miss. 70, 156 So. 652 (1934). These examples address nonproductive and repetitive questioning by the attorneys; frightened, confused, and belligerent witnesses; and the development of essential facts. Id., 171 Miss. at 73-74, 156 So. 652. Golden argues that none of her claimed instances of this judge's interference fall within the listed examples. Golden then concludes that this categorical failure entitles her to reversal of the conviction.
¶ 7. We do not find the Griffin list to be comprehensive. Rather, it has been consistently treated as a non-exclusive guideline for proper judicial interrogation. See, e.g., Powell, 792 So.2d at 248; M.R.E. 614 cmt. Indeed, the Griffin court itself acknowledged that "[t]hese are examples of some of the situations in which the trial judge may and sometimes must take a hand in the examination of a witness." Griffin, 156 So. at 653 (emphasis added).
¶ 8. Courts are expressly authorized to question witnesses. M.R.E. 614(b). However, this authority must be tempered by the following realization:
jurors ... are very susceptible to the influence of the judge. The sheriff and his deputies, as a rule, are anxious to do his bidding; and jurors watch closely his conduct, and give attention to his language, that they may, if possible, ascertain his leaning to one side or the other, which, if known, often largely influences their verdict. He cannot be too careful and guarded in language and conduct in the presence of the jury, to avoid prejudice to either party....
Thompson v. State, 468 So.2d 852, 854 (Miss.1985), quoting Green v. State, 97 Miss. 834, 835, 53 So. 415, 416 (1910).
*823 ¶ 9. As a result, trial courts must honor the line between detachment and advocacy. Layne v. State, 542 So.2d 237, 242 (Miss.1989). It is this standard, not the illustrative examples set out in Griffin, which ultimately governs our review.
¶ 10. Reviewing each instance of challenged judicial conduct as well as the context of the whole proceedings, we do not find that the record supports a claim that the lower court abandoned its detachment and adopted a position adversarial to Golden. Though judicial participation in trial proceedings carries inherent risks, there is no requirement solely to be a silent observer. Bumpus v. State, 166 Miss. 276, 281-82, 144 So. 897, 899 (1932). The judge acted within his authority.

2. Jury instruction
¶ 11. Golden next argues that the judge similarly became an advocate during the consideration of jury instructions. Outside the presence of the jury at the close of trial, the parties engaged in the routine practice of submitting jury instructions. Upon Golden's submission of a circumstantial evidence instruction, the following exchange occurred:
COURT: Okay. And what is marked D-10, two plausible theories. Isn't this circumstantial?
DISTRICT ATTORNEY: I don't have that one. I don't have a problem with it.
¶ 12. The trial judge proceeded to explain the impropriety of a dual theory instruction. The district attorney then adopted the position of the lower court. The instruction was denied. Golden argues that the prosecution's initial acquiescence to the instruction was undermined by the judge, placing defense counsel in the "intolerable position of being an adversary to both the judge and the prosecution." We disagree with Golden's characterization of the exchange.
¶ 13. Golden implies that once the prosecutor accepted the instruction, Golden was entitled to have it granted. Agreement of the attorneys as to a jury instruction is not controlling:
Though the trial court is entitled to rely upon counsel for the State and the defense to present proposed instructions that accurately inform the jury as to what facts are being submitted to it for resolution and what result the law requires depending upon how the jury resolves those critical facts, ultimately the responsibility for properly instructing the jury lies with the trial court.
Edwards v. State, 755 So.2d 443, 447 (Miss.Ct.App.1999).
¶ 14. It is the trial judge who must determine the propriety of jury instructions, including initiating critical ones in exceptional situations. Kolberg v. State, 829 So.2d 29, 45 (Miss.2002). A judge's independent analysis of the appropriate law does not create an adversarial relationship with a party. A judge's disagreement with submitted jury instructions does not give rise to a claim of the abandonment of judicial detachment. As with other exercises of proper judicial power such as this, it is the nature of the exercise that must be examined to determine whether error occurred.
¶ 15. Furthermore, the judge did correctly instruct the jury. Circumstantial evidence instructions are appropriate only where the evidence is wholly circumstantial. Sullivan v. State, 749 So.2d 983, 992 (Miss.1999). Videotape evidence submitted to the jury of an accused's unlawful acts constitutes direct evidence. Haynes v. State, 744 So.2d 751, 753 (Miss. 1999). Here, substantial videotape evidence of Golden's offense was provided to the jury. The case was therefore not *824 wholly circumstantial, and the lower court properly denied the instruction.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY OF CONVICTION OF COUNT I CONSPIRACY TO EMBEZZLE AND SENTENCE OF FIVE YEARS; AND COUNT II EMBEZZLEMENT AND SENTENCE OF TEN YEARS, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH ONE YEAR SUSPENDED AND ONE YEAR SUPERVISED PROBATION, PAY $250 TO CRIME VICTIM'S COMPENSATION FUND AND $19,366.91 IN RESTITUTION IS AFFIRMED. SENTENCE IN COUNT II SHALL RUN CONCURRENTLY TO SENTENCE IN COUNT I. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.