[No. 4609.   Decided July 8, 1903.]

ANDREW KROENERT, *Respondent,* v. PETER FALK, *Appellant.*

APPEAL — OBJECTIONS TO EVIDENCE — SUFFICIENCY FOR PURPOSES OF REVIEW.
Where objections to evidence in the trial court state no specific grounds against its admissibility, they will not be considered on appeal.

Appeal from Superior Court, King County.—Hon. GEORGE MEADE EMORY, Judge. Affirmed.

*Ira Bronson,* for appellant.

*Greene & Griffiths,* for respondent.

PER CURIAM.—Respondent brought this action, in the superior court of King county, against appellant, to recover upon a judgment rendered against appellant in the territorial court of Yukon Territory, Dominion of Canada. Upon the trial of the case in the lower court, respondent read in evidence three depositions, two of these made by the clerk of the territorial court of Yukon Territory and one by a deputy district registrar of the supreme court of British Columbia. In these depositions the deponents testified to the effect that the judgment was a judgment of record of the territorial court of Yukon Territory in the office under their charge, unsatisfied and in full force, and that a copy of the original judgment was attached as an exhibit to the deposition; that the judgment was in favor of the respondent and against the appellant. It was admitted in the pleadings that the territorial court of Yukon Territory was a court of general jurisdiction, and that no payments had been made on the judgment. No evidence was offered by appellant. Findings of fact and conclusions of law were made by the trial court in favor of respondent, and a judgment rendered for the amount prayed in the complaint. Appellant excepted to each of the findings of fact and conclusions of law upon the ground that the same were not supported by the evidence. These exceptions are all based upon the admissibility of the evidence of the foreign judgment.

The only questions presented in appellant's brief go to the admissibility of the evidence. He does not contend that the evidence is insufficient, if it is proper and competent. During the trial of the case in the superior court no objections to the depositions or to any of the interroga-

tories appear to have been made upon any specified ground. The following stipulation, however, appears at the conclusion of the evidence:

"It is stipulated by the parties hereto that the defendant objects to the interrogatories propounded by the plaintiff in said depositions and to the introduction of said exhibits, which objection and the exception the court overrules, and exception is allowed to the defendant by the court."

This kind of an objection is entirely too indefinite. If there was any ground upon which the interrogatories were objectionable, that ground should have been stated to the court, and some record made of it; or, if the exhibits were incompetent, or for any other reason inadmissible as evidence, that reason should have been called to the attention of the lower court. *Guarantee Loan & T. Co. v. Galliher,* 12 Wash. 507 (41 Pac. 887); *Bolster v. Stocks,* 13 Wash. 460 (43 Pac. 532, 534, 1099); *Price v. Scott,* 13 Wash. 574 (43 Pac. 634); *Coleman v. Montgomery,* 19 Wash. 610 (53 Pac. 1102).

In the absence of specific objections in the record, this court will not presume that the questions presented here were presented to the court below. The judgment is therefore affirmed.