[No. 12398. Department Two. April 14, 1915.]

THE STATE OF WASHINGTON, *Respondent*, v. A. C. GUNN, *Appellant*.[1]

CRIMINAL LAW—EVIDENCE—SIMILAR OFFENSES—ADMISSIBILITY. In a prosecution for larceny based upon the deposit in bank of checks drawn by defendant on another bank in which he had no funds, the defendant assuming to be a man of means and negotiating for the purchase of a majority of the capital stock of the bank in which the fictitious deposit was made, evidence of a prior similar transaction in which the defendant attempted to purchase another bank, but was not able to consummate it on account of his financial inability, was admissible on the grounds of showing intent and as bearing on his inability to deposit funds in the bank on which his checks were drawn before the latter could be presented for payment.

CRIMINAL LAW—RECEPTION OF EVIDENCE—OBJECTION. Where testimony in a criminal prosecution might be admissible for some purpose, error cannot be predicated upon its admission over a general objection which states no grounds therefor, and when no motion was interposed to strike the testimony because not properly connected with the transaction in controversy.

Appeal from a judgment of the superior court for Whatcom county, Pemberton, J., entered May 25, 1914, upon a trial and conviction of grand larceny. Affirmed.

*Edgar S. Hadley*, for appellant.

*W. P. Brown* and *Loomis Baldrey*, for respondent.

MAIN, J.—The defendant in this case was charged by information with the crime of grand larceny. The charging part of the information is substantially as follows: That

[1]Reported in 147 Pac. 401.

the defendant, on or about the 30th day of October, 1913, with intent to defraud, did fraudulently, falsely, dishonestly, and feloniously pretend and represent to the Sumas State Bank, through its officers and employees, that he was a man of wealth and property, and that he had money on deposit in the North Bend State Bank, North Bend, Washington; that he desired to buy the stock of the Sumas State Bank; that he then and there willfully, unlawfully and feloniously deposited with the Sumas State Bank two $5,000 checks, drawn on the North Bend State Bank by himself, payable to the order of the Sumas State Bank; that he fraudulently and feloniously pretended to the Sumas State Bank that these checks would be honored and paid on presentation; that he represented that he had sufficient money on deposit in the bank upon which the checks were drawn to meet the same; that the officers of the Sumas State Bank, believing the false representations made by the defendant, and relying thereon, and being deceived thereby, were induced by reason thereof to pay certain checks drawn by the defendant on the Sumas State Bank against his $10,000 credit, in the aggregate sum of $1,196; that the two checks, aggregating $10,000, drawn on the North Bend State Bank, were false and fraudulent, and upon presentation to that bank were returned unpaid and marked "no funds;" that at the time the two checks in the aggregate sum of $10,000 on the North Bend State Bank were drawn, the defendant had overdrawn his account with that bank, and had no balance whatever therein; that by reason of the false and fraudulent representations, and being deceived thereby, the Sumas State Bank accepted the two $5,000 checks and gave the defendant credit therefor in the sum of $10,000, and paid out on his checks against this credit the aggregate sum of $1,196.

To the charge contained in the information, the defendant pleaded not guilty. A trial to the court and a jury resulted in a verdict of guilty. A motion for a new trial being made and overruled, the defendant appeals.

Upon the trial, evidence was received relative to the attempt on the part of the appellant shortly before the Sumas transaction to purchase a bank at Mt. Vernon, Washington, and that the reason why this latter transaction was not consummated was on account of the financial inability of the appellant. The transaction with the Sumas State Bank involved a purchase of the majority of the capital stock of that bank. Error is sought to be predicated upon the testimony relative to the negotiations for the purchase of the Mt. Vernon bank, and the reason why that transaction was not closed. But this assignment of error is not well founded. The evidence was admissible for two reasons: One, as tending to show intent, and the other, as bearing upon the appellant's inability to deposit sufficient funds in the North Bend State Bank before the checks drawn upon that institution could there be presented for payment.

Another error assigned is, that the court, while the cashier of the North Bend State Bank was testifying, permitted him to answer the question as to the meaning of the term "kiting." To this question an objection was interposed in this form: "I object." The testimony as to this matter when offered would have been competent if the evidence at that time had shown that the appellant had been guilty of kiting; or had it been offered with the statement that later during the trial evidence would be offered that, after the two checks were deposited in the Sumas State Bank, the appellant so manipulated his accounts with that bank and the North Bend Bank as to bring him within the definition of the term. As already stated, the evidence in the record at no point shows that the appellant was kiting the funds from one bank to the other. The testimony not being inadmissible for any purpose, the general objection was not sufficient to base an assignment of error upon for review in the appellate court. The trial court was entitled to know the ground of the objection. If the reason for the objection had been made

known, it may be that it would have been sustained. *Kroenert v. Falk*, 32 Wash. 180, 72 Pac. 1010; *Earles v. Bigelow*, 7 Wash. 581, 35 Pac. 390; 5 Jones, Evidence, p. 368, § 893.

In the absence of an objection stating the grounds thereof, and the failure to interpose a motion to strike the testimony as to kiting because not properly connected with the transaction of the appellant, no error can be predicated upon the admission of that testimony.

It may be said in passing that the attorney who prepared the brief upon appeal and who presented the matter to this court was not the same attorney who appeared for the appellant in the trial court.

While there are other errors assigned, the two which have been considered present the principal questions in the case. The other points urged in the appellant's brief are without substantial merit.

The judgment will be affirmed.

MORRIS, C. J., CROW, FULLERTON, and ELLIS, JJ., concur.