[No. 13116.   Department Two.   June 1, 1916.]

MINNIE NORDLUND, *Respondent*, v. GUST PEARSON,
*Appellant*.[1]

INTOXICATING LIQUORS—CIVIL LIABILITY—PLEADING — COMPLAINT.
In a wife's action for damages through causing the intoxication of
her husband, under Rem. & Bal. Code, § 6289, an allegation of result-
ing "abusive" conduct by the husband is sufficient to admit of proof
of physical assaults, in the absence of a motion to make more definite
and certain; or at least, if defective, was amendable to conform to the
proof.

SAME—PLEADING—ISSUES—EVIDENCE.   In such an action, under a
complaint seeking recovery for injuries which resulted in the im-
pairment of health as well as loss of support, evidence of worry and
mental distress is admissible.

SAME—EVIDENCE—ADMISSIBILITY.   In such an action, evidence
that the plaintiff went out to work to support the family, including
her husband and minor son, is admissible as tending to show the
husband's failure to furnish her support, although it incidentally
showed that she was also required to support her son and husband.

APPEAL—PRESERVATION OF GROUNDS—OBJECTION TO EVIDENCE—SUF-
FICIENCY.   Where a record showed the testimony in narrative form,
part of which was admissible, an objection at the conclusion not
stating any grounds nor the part of the testimony objected to, is
insufficient as a basis for error.

INTOXICATING LIQUORS — CIVIL ACTION — EXCESSIVE DAMAGES.   A
verdict for $1,000 for damages to the person and means of support
of a wife by causing the intoxication of her husband, under Rem. &
Bal. Code, § 6289, held not excessive, considering the husband's earn-
ing power and the extent of the impairment of health and loss of
support.

Appeal from a judgment of the superior court for Spokane
county, Huneke, J., entered July 10, 1915, upon the verdict
of a jury rendered in favor of the plaintiff, in an action for
damages resulting from the sale of intoxicating liquors.   Af-
firmed.

*Charles P. Lund*, for appellant.

*V. T. Tustin* and *C. D. Randall*, for respondent.

[1]Reported in 157 Pac. 875.

PARKER, J.—The plaintiff, Minnie Nordlund, commenced this action in the superior court for Spokane county against the defendant, Gust Pearson, seeking recovery of damages which she claims resulted to her in person and means of support from the intoxication of her husband, caused by the selling of intoxicating liquor to him by the defendant on or about December 15, 1912, and at frequent times thereafter. Trial before the court sitting with a jury resulted in verdict and judgment for the sum of $1,000 in favor of the plaintiff, from which the defendant has appealed.

This action was prosecuted under Rem. & Bal. Code, § 6289 (P. C. 267 § 91), which, so far as here necessary to notice its terms, reads as follows:

"Every husband, wife, child, parent, guardian, employee, or other person who shall be injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action, in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving intoxicating liquors, have caused the intoxication of such person, for all damages sustained, and the same may be recovered in a civil action in any court of competent jurisdiction."

Respondent and John Nordlund were married in January, 1908. He was engaged in the saloon business for a period of about one year thereafter. He then farmed for a time, and thereafter for a period of about five years preceding the commencement of this action he was engaged in the sewer and cement contracting business. The evidence tends to show that, up until December, 1912, Nordlund was capable of and did provide well for respondent; that since then, by reason of his habits of intemperance, he has failed to provide for respondent even to the extent of the scant necessaries of life; that he has on two occasions made physical assaults upon her in a violent manner, resulting in physical injury to her, and has repeatedly addressed to her coarse, profane and abusive language, which acts of ill treatment have materially

impaired her health; and that all of these acts of Nordlund and the injuries resulting therefrom to respondent, his wife, were in consequence of his intoxication caused by intoxicating liquor furnished and sold to him in December, 1912, and at repeated times thereafter, by the appellant.

Counsel for appellant first contends that the trial court erred in admitting the testimony of respondent of assaults upon her by her husband as the result of his intoxication because not within the allegations of the complaint. We find it alleged in the complaint, following allegations of Nordlund's intoxication and the source thereof, that he "became abusive to the plaintiff and scolded and cursed and swore at this plaintiff; and that by reason of said abusive treatment by her said husband, when he was in an intoxicated condition, the health of plaintiff has been greatly affected and impaired." The argument of counsel seems to be that the word "abusive" as here used is not inclusive of physical assaults upon respondent. We think, however, under our liberal rules of pleading, this allegation is sufficient to admit proof of physical abuse as well as abuse by language. This allegation may have been subject to a motion to make more specific and certain, but it was not so moved against, nor was any surprise claimed upon the giving of respondent's testimony as to these physical assaults, the objection made at the trial being of the most general character. Whatever defect there may have been in the allegations of the complaint in this respect was, in any event, an amendable one. Under all the circumstances, we think it ought to now be considered as amended to fit the proof, if it can be said any such amendment was necessary therefor.

It is contended in appellant's behalf that the trial court erred in admitting testimony of respondent as to her worry and mental distress, etc., as not being a proper element of damages. The argument seems to proceed upon the theory that respondent was seeking recovery only for the impairment of her means of support by her husband's intoxication.

It seems plain to us from the allegations of her complaint and the theory upon which the case was presented to the trial court that she was also claiming, and entitled to claim, damages for her injuries "in person," that is, injuries which resulted in the actual impairment of her health; and since the testimony tends strongly to show that she was so injured in health by her husband's physical assaults and other abuse heaped upon her, this testimony was clearly within the issues and tended to support her claim of injury in person.

Contention is made in appellant's behalf that the trial court erred in permitting respondent to testify that she was obliged to support herself and children. The argument proceeds upon the theory that, since respondent could only claim damages for the impairment of her own means of support, it was prejudicial error to allow her to refer to the support of her children. It is possible that the record could be said to disclose technical error in the admission of this testimony, but when her testimony is critically read we find no reference therein in terms to any children or her support thereof. She was asked, "Tell the court and jury what nature of work you have done to support the family." She then answered, over objection of counsel for appellant, "I went out and washed and scrubbed and everything I could get to do." During this time Nordlund, her husband, was living with her and failing to furnish support to any reasonable extent for the family, consisting of himself, respondent and her minor son who lived with them. We think this evidence was admissible as tending to show her husband's failure in furnishing her the support she was entitled to, though it may have incidentally shown that she was also required to so employ herself in the support of her son and her husband. There was no testimony introduced for the purpose of showing the number or ages of her children, though, as we shall presently see, it did incidentally appear that she had a fourteen-year-old minor son who lived with them. We think there was no prejudicial error in the admission of this testimony.

'Contention is made in appellant's behalf that the court erred in admitting the testimony of the minor fourteen-year-old son of respondent that he "sold flowers in order to provide something to eat on several occasions." This remark was made by the son while on the witness stand after he had testified to a considerable extent touching Nordlund's habits of intemperance, the procuring of his liquor from the saloon of appellant, and how he, the son, had on occasions taken Nordlund home in an intoxicated condition. All this testimony of the son appears in the record in narrative form, and the only objection thereto was made at the conclusion of all of it, the record failing to state what the ground of the objection was or to what part of the son's testimony it referred. We think the record in this condition fails to furnish grounds entitling appellant to urge the error complained of in this court.

Contention is made that the trial court erred in the giving to the jury of certain instructions. We have read these with care and deem it sufficient to say that we find no prejudicial error therein. The instructions as a whole seem quite full and favorable to appellant.

Contention is made that the drunken condition of Nordlund was not by sufficient proof traced to the furnishing him with liquor by appellant as alleged. A careful reading of the evidence convinces us that we cannot disturb the verdict on this ground. Finally, it is contended that the verdict is excessive. In view of the evidence showing Nordlund's earning power, the manner in which he supported respondent prior to December, 1912, and the extent of her impairment of health and loss of support, it seems to us that $1,000 is a very moderate compensation to her for the injury received.

It seems quite plain to us that appellant has had a fair trial and that the judgment should not be disturbed by us. The judgment is therefore affirmed.

FULLERTON, HOLCOMB, MOUNT, and MAIN, JJ., concur.