[No. 19156.    Department One.    August 31, 1925.]

JANE F. HUDSON, *by her Guardian ad Litem Florence Hudson, Respondent,* v. PACIFIC NORTHWEST TRACTION COMPANY, *Appellant.*[1]

MUNICIPAL CORPORATIONS (389)—USE OF STREETS—COLLISION AT CROSSING—NEGLIGENCE—EVIDENCE—SUFFICIENCY. The negligence of a stage driver is a question for the jury where there was testimony that the stage "cut the corner" and collided with the car in which plaintiff was a passenger while it was in a position of safety if the stage driver had complied with the traffic rules.

APPEAL (123)—PRESERVATION OF GROUNDS—OBJECTIONS TO EVIDENCE. Error cannot be assigned on the erroneous admission of evidence to which no exception was taken.

DAMAGES (80)—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for substantial personal injuries, reduced by the trial judge, will not be held excessive where there was nothing to indicate that the jury was actuated by passion or prejudice.

[1]Reported in 238 Pac. 982.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered October 21, 1924, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained in an automobile collision. Affirmed.

*Frank E. Hammond,* for appellant.

*E. C. Dailey* and *A. E. Dailey,* for respondent.

TOLMAN, C. J.—This is a personal injury action growing out of a collision between an automobile stage and a Ford coupè at a street intersection in the city of Everett.

The case was tried to a jury, which rendered its verdict in favor of the plaintiff for two thousand dollars. Under an alternative order made by the trial court, the plaintiff remitted $750 from the amount of the verdict and a judgment in the sum of $1,250 was entered against the defendant, from which it appeals.

The appellant urges three grounds for a reversal: First, that the evidence was insufficient; second, error in the admission of testimony; and, third, that the verdict as reduced was still excessive.

We have taken pains to study carefully all of the evidence produced by the respondent, with the aid of the map used at the trial; and are convinced that sufficient was shown to warrant the jury in finding that the stage, without warning, departed from its usual and regular course, cut the corner and struck the car in which respondent was a passenger, while that car was in a position of safety if the driver of the stage had complied with the established traffic rules. The position of the two cars immediately after they came into collision, as testified to by the mother of the injured child, was alone sufficient to carry this question to the jury. There was, therefore, no error in denying the motion for a nonsuit and the motion for judgment n. o. v.

The record fails to show that any objection was interposed to the testimony which on oral argument was urged to have been erroneously received. We therefore cannot consider its reception as error. In passing, we may say that, even had the point been preserved, we think the evidence, considering the manner in which it was elicited and the fact that appellant is a public carrier presumably operating under a certificate of necessity, and therefore bound by law to provide liability insurance, would make it entirely unprejudicial.

As to the third and last ground, the trial court was satisfied with the verdict after having caused its reduction; and, from what appears in the record, the injuries here sustained and the permanent scars inflicted are perhaps less aggravated, yet we think they present a situation comparable in some degree with that involved in the case of *Sherrill v. Olympic Ice Cream Co.*, 135 Wash. 99, 237 Pac. 14, where a verdict for $3,000 was permitted to stand.

We are satisfied that the verdict as reduced is in no degree excessive and that there is no ground for our interference.

The judgment is affirmed.

MITCHELL, PARKER, BRIDGES, and ASKREN, JJ., concur.