[No. 31015.   Department Two.   December 12, 1949.]

THE STATE OF WASHINGTON, *Respondent,* v. EDWARD MURLEY, *Appellant.*[1]

[1]Reported in 212 P. (2d) 801.

*Fred M. Bond,* for appellant.

*Charles B. Welsh* and *Robert A. Hannan,* for respondent.

MALLERY, J.—This is an appeal from a conviction of the crime of taking indecent liberties upon the person of a nine year old girl. Appellant's assignments of error challenge the court's denial of his various motions and raise questions of admissibility and sufficiency of evidence.

The assignment of error involving the sufficiency of the evidence to sustain the verdict is without merit.

Appellant seeks a review of the admissibility of certain testimony of the child's parents which the trial court admitted over the objection that it was improper rebuttal. A complete answer to this assignment is found in *Hardman v. Younkers,* 15 Wn. (2d) 483, 496, 131 P. (2d) 177, 151 A. L. R. 868, where we said:

"The precise limits of rebuttal evidence is a matter resting largely in the discretion of the trial court, and the action of the court in such matters will not be reviewed except for manifest abuse resulting in prejudice to the complaining party. [Citing cases.]"

Even if it be conceded that the parents' testimony was admitted in improper order, we can observe no prejudice arising out of this fact. Moreover, the damaging effect of the substance of the testimony was largely overcome on

cross-examination by emphasizing appellant's denial of the act.

■ Appellant's challenge to the competency of the complaining witness was not asserted on trial and cannot be raised for the first time on appeal. *Earles v. Bigelow,* 7 Wash. 581, 35 Pac. 390; *Kroenert v. Falk,* 32 Wash. 180, 72 Pac. 1010; *Morrison v. Bernot,* 58 Wash. 302, 306, 108 Pac. 772; *State v. Gunn,* 85 Wash. 121, 147 Pac. 401; *Nordlund v. Pearson,* 91 Wash. 358, 362, 157 Pac. 875; *Fisher v. Jackson,* 120 Wash. 107, 109, 206 Pac. 929; *Hudson v. Pacific Northwest Traction Co.,* 136 Wash. 4, 6, 238 Pac. 982; *Denning v. Quist,* 181 Wash. 667, 44 P. (2d) 771; *American Products Co. v. Villwock,* 7 Wn. (2d) 246, 277, 109 P. (2d) 570, 132 A. L. R. 1010.

On direct examination, the complaining witness identified appellant, especially referring to his red hair. On cross-examination, appellant laid a foundation for the impeachment of her credibility by prior inconsistent out-of-court statements. She was asked if she had not told appellant's mother that the defendant wore a red hat. The witness denied that she had ever said red hat but later stated that she did not remember.

There was a three months delay in arresting appellant. On trial, he sought to impeach the complaining witness' credibility by causing the jury to infer that she and her parents were slow in complaining of the offense. The great weight of this inference is based on the theory that unexplained silence, at a time when it would have been natural for a female victim to speak, tends to cast doubt upon her credibility and supports an inference that the charge was recently fabricated. The child and her parents denied that they had delayed in complaining and asserted that they notified the police the same day.

Appellant's cross-examination of the complaining witness suggested that her parents had coached her to testify as she did. Thus an inference of recent fabrication assumed large proportions in appellant's defense.

In rebuttal, the state called the officer who had interviewed the child and her parents the day following the act complained of. Over objection, the court permitted him to make this statement:

"I asked her who was the man that bothered her and she said it was a red headed boy. I said what did he do to you and she took her finger and pointed at her belly (indicating) and said something about her pants, I can't recall what she said about the pants."

This is claimed as reversible error.

■ When, on trial, *no attempt has been made to impeach* a witness' credibility, his prior out-of-court statements consistent with his oral testimony are inadmissible. *State v. Manville*, 8 Wash. 523, 524, 36 Pac. 470; *State v. Spisak*, 94 Wash. 566, 162 Pac. 998; *State v. Braniff*, 105 Wash. 327, 330. *et seq.,* 177 Pac. 801; *State v. Lynch*, 176 Wash. 349, 351, 29 P. (2d) 393; *Sweazey v. Valley Transport*, 6 Wn. (2d) 324, 107 P. (2d) 567, 111 P. (2d) 1010, 28 R. C. L. 655 (8 Perm. Supp. 6181), 140 A. L. R. 1; 41 L. R. A. (N.S.) 879.

■ Also, *when a witness' credibility has been assailed* by prior out-of-court statements *inconsistent* with his in court testimony, prior out-of-court statements *consistent* with his in-court testimony are excluded. The reason for the latter rule is that, once the impeaching damage is done, it cannot be undone, irrespective of the volume and weight of the rehabilitating evidence, because the fact remains that the witness was inconsistent as to one matter and the inference remains that, once inconsistent, the witness may be inconsistent with respect to any or all matters encompassed by his testimony. To save trial time and to reduce possibilities of confusing juries, prior out-of-court statements consistent with oral testimony are held inadmissible. *Sweazey v. Valley Transport, supra*, at 332-3, citing 41 L. R. A. (N.S.) 857 at 890 and 8 Ann. Cas. 477; 4 Wigmore on Evidence (3d ed.), § 1126.

■ An exception to these exclusionary rules is that, in criminal trials for sex offenses, the credibility of the com-

plaining witness, irrespective of whether it is assailed or unassailed, may be supported by evidence of her timely prior out-of-court complaint. This exception stems from the feudal doctrine of hue and cry. This doctrine rests on the ground that a female naturally complains promptly of offensive sex liberties upon her person and that, on trial, an offended female complainant's *omission of any showing* as to *when* she first complained raises the inference that, since there is no showing that she complained timely, it is more likely that she did not complain at all, and therefore that it is more likely that the liberties upon her person, if any, were not offensive and that consequently her present charge is fabricated. Thus, formerly, to overcome the inference, it became essential to the state's case-in-chief to prove affirmatively that she made timely hue and cry. 3 Wigmore, *op. cit.*, § 1042; 4 Wigmore, *op. cit.*, § 1134 *et seq.*; 140 A. L. R. 174-6; 41 L. R. A. (N.S.) 857 at 886-9; O'Neill, Previous Consistent Statements, 6 Wash. L. Rev. 112.

■ Modernly, the inference affects the woman's credibility generally, and the truth of her present complaint specifically, and consequently, we permit the state to show in its case-in-chief *when* the woman first made a complaint consistent with the charge.

■ Under the ancient doctrine of hue and cry, the *details* of the prior out-of-court complaint consistent with her present complaint and prosecution were admissible. Presently, however, our rule excludes evidence of the details of the complaint, including the identity of the offender and the nature of the act, and admits only such evidence as will establish whether or not a complaint was made timely. *State v. Hunter*, 18 Wash. 670, 52 Pac. 247; *State v. Griffin*, 43 Wash. 591, 595, 86 Pac. 951; *State v. Myrberg*, 56 Wash. 384, 105 Pac. 622; *State v. Beaudin* (sodomy), 76 Wash. 306, 307, 136 Pac. 137; *State v. Gay*, 82 Wash. 423, 144 Pac. 711; *State v. Aldrick*, 97 Wash. 593, 166 Pac. 1130; *State v. Dixon*, 143 Wash. 262, 255 Pac. 109; *State v. Arnold*, 144 Wash. 367, 369, 258 Pac. 20; *State v. Smith*, 3 Wn. (2d) 543, 550, 101

P. (2d) 298; 60 A. L. R. 1148, 22 R. C. L. 1212 (7 Perm. Supp. 5291).

Appellant relies on this line of authority to support his contention that the trial court erred in admitting the *details* of the child's prior out-of-court complaint to the officer with reference to her belly and pants and especially with reference to his identity.

■ We would agree with appellant if the challenged evidence had been admitted in the state's case-in-chief. However, the trial court correctly admitted in rebuttal the prior out-of-court complaints consistent with the child's testimony on the stand under another exception to the general exclusionary rules, *viz.*, the recent fabrication exception.

The principles regarding the recent fabrication exception may be summarized as follows: A witness' prior out-of-court statements consistent with his in-court testimony are admissible for the sole purpose of re-establishing the witness' credibility when: (1) his testimony has been assailed (2) under circumstances inferring recent fabrication of his testimony (3) when the prior out-of-court statements were made under circumstances minimizing the risk that the witness foresaw the legal consequences of his statements. *Conover v. Neher-Ross Co.*, 38 Wash. 172, 80 Pac. 281, 107 Am. St. 841; *State v. Spisak, supra*; *State v. Braniff, supra*; *Russell v. Cavelero*, 139 Wash. 177, 246 Pac. 25; *Sweazey v. Valley Transport, supra*; O'Neill, *op. cit.*, 6 Wash. L. Rev. 112.

■ The evidence in this case is patently sufficient to satisfy the first two conditions, *viz.*: (1) impeachment, (2) inferring recent fabrication. Appellant laid a foundation for impeachment, introduced evidence of previous inconsistent statements and acts, and, on cross-examination, suggested that the child had been coached.

As to (3), touching knowledge of the legal consequences of the consistent out-of-court statement, the circumstances of this case are that, during the interview, the child was alone with the officer. Her parents could not have con-

trolled her answers unless they had coached her in advance of the interview which occurred the day following the crime. The record is silent as to any motive that would have caused them to do so. Neither does it appear that the child was so worldly that she could have foreseen such legal consequences herself. The risk that the child's prior consistent out-of-court statements were fabricated is sufficiently remote to justify the trial court in admitting them in evidence.

The judgment is affirmed.

SIMPSON, C. J., ROBINSON, HILL, and HAMLEY, JJ., concur.

---

January 20, 1950. Petition for rehearing denied.