[No. 7462–8–I.   Division One.   December 17, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. ALLAN WALTER FLEMING, *Appellant.*

*Lewis H. Nomura* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Frederick L. Yeatts, Deputy,* for respondent.

DORE, J.—Defendant appeals from his conviction of rape in the third degree. We affirm.

## ISSUES

1. Whether the victim's statement to Ms. Jensen (a friend), approximately 3 hours after the rape, is an "excited utterance" and is admissible as an exception to the hearsay rule.

2. Whether the victim's complaint to Ms. Jensen that she had been raped raised a "hue and cry" and is admissible as bearing upon the victim's credibility.

3. Whether the victim's statement to a police officer approximately 3 to 6 hours after the rape is an "excited utterance" and constitutes admissible evidence.

4. Whether the victim's complaint to a police officer that she had been raped raised a "hue and cry" and is admissible even though it was not the victim's first such complaint.

5. Whether the victim's statement to Dr. Juel, the victim's treating physician, is admissible hearsay.

## FACTS

The victim, Cheryl Archambeau, and her friend, Ms. Jensen, went to a tavern the night of October 27, 1978. At closing time the defendant approached Ms. Jensen and the victim and asked each if she would have sex with him. Both answered "no" and tried to ignore him. Ms. Jensen and her boyfriend left together. When the victim walked to her vehicle she was followed by defendant. The victim related that after a conversation with the victim, defendant forced his way into her vehicle. Defendant said that he would not hurt her if she drove him home. She agreed but her vehicle became stuck in the mud on a back road. Subsequently the victim related that a struggle ensued, ultimately resulting in the victim being raped. After the rape, the defendant fell asleep and the victim left the scene on foot. The victim stated that she was fearful that defendant would awaken, free the vehicle, and come after her. She finally hitched a ride to the home where Ms. Jensen was staying.

Defendant told a different story. He stated that when the tavern was closing, he approached the victim and asked her how she was doing. He talked with her in the parking area, asked her if she wanted to get "high" and then rolled a marijuana cigarette. After they drove awhile to get acquainted, they smoked the marijuana and agreed to have sexual intercourse. Defendant said he later fell asleep in the car after having relations.

Both Ms. Jensen and the victim testified that when the victim arrived at the former's home, the victim was extremely upset. She told Ms. Jensen that she had been

raped. The police were called; Officer Gardner responded. He also found the victim to be very upset. He tried to calm her by explaining the functions of the rape relief agency and its procedures. Officer Gardner was with the victim about 3 hours. Toward the end of that period she eventually became calm. The victim was taken to Evergreen Hospital where she was examined by Dr. Juel.

Defendant was charged with rape in the second degree. The jury found defendant guilty of rape in the third degree.

## DECISION

ISSUE 1: Testimony of Ms. Jensen—Excited Utterance.[1]

Ms. Jensen testified as to what the victim told her concerning particulars of the rape. Both parties agree that such testimony is hearsay. Defendant contends that it was improperly characterized as an excited utterance, an exception to the hearsay rule.

In *Beck v. Dye,* 200 Wash. 1, 9–10, 92 P.2d 1113, 127 A.L.R. 1022 (1939), the court enunciated the criteria necessary to establish testimony as coming within this exception:

[I]n order to make such evidence admissible, [the statement must] possess at least the following essential elements: (1) The statement or declaration made must relate to the main event and must explain, elucidate, or in some way characterize that event; (2) it must be a natural declaration or statement growing out of the event, and not a mere narrative of a past, completed affair; (3) it must be a statement of fact, and not the mere expression of an opinion; (4) it must be a spontaneous or instinctive utterance of thought, dominated or evoked by the transaction or occurrence itself, and not the product of premeditation, reflection, or design; (5) while the declaration or statement need not be coincident or contemporaneous with the occurrence of the event, it must be made at such time and under such circumstances as will exclude the presumption that it is the result of deliberation, and (6) it must appear that the declaration

---

[1] The term "excited utterance" is considered more precise and correct than the term "res gestae" which has been called "entirely useless" and "positively harmful." *State v. Canida,* 4 Wn. App. 275, 277 n.1, 480 P.2d 800 (1971).

or statement was made by one who either participated in the transaction or witnessed the act or fact concerning which the declaration or statement was made.

These elements are the accepted law of this state. *Johnston v. Ohls,* 76 Wn.2d 398, 405, 457 P.2d 194 (1969).

Defendant asserts that elements (2), (4) and (5) above have not been met. He contends that the victim reached Ms. Jensen some 3 to 4 hours after the rape, and that Jensen described the victim's emotional state as upset, but *calm.*

█ The time lag between the rape and the declaration is not solely determinative of whether the statement was an excited utterance. Declarations are considered more likely to be credible if they are made under emotional distress. The dispositive question is whether the statement was made while the declarant was under the influence of the event, so that her statement could not be the result of fabrication, intervening actions, or other manifestation of judgment. *Robbins v. Greene,* 43 Wn.2d 315, 261 P.2d 83 (1953). Temporal proximity allows the court to make this inference absent other evidence as to the declarant's state of mind. The trial court heard an abundance of testimony on this issue in the subject case.

The victim made her statement to Ms. Jensen at about 7 a.m. after having had no sleep during the prior night. Even after the victim had escaped from the sleeping defendant, she was constantly in fear of his awakening and finding her on the road. Ms. Jensen described the emotional state of the victim at the time that she first saw her that morning as "really upset. She didn't say much of anything. She just kind of stared and—".

█ The determination of whether a particular statement is an excited utterance rests in the sound discretion of the trial court. *Brewer v. Copeland,* 86 Wn.2d 58, 73, 542 P.2d 445 (1975). We see no abuse of the court's discretion as to the admission of this testimony.

ISSUE 2: Testimony of Ms. Jensen—Hue and Cry.

Ms. Jensen testified that the victim told her that "[t]he guy who razzed us last night, raped me." Defendant objects to the admission of this statement.

■ In rape cases, the "hue and cry" of the injured person, *i.e.,* the complaint that she has been raped, made within a reasonable time after the commission of the crime is admissible. 5 R. Meisenholder, Wash. Prac. § 472, at 463–64 (1965). The testimony is introduced for the sole purpose of rebutting an inference that the complaining witness was silent following the attack. *State v. Murley,* 35 Wn.2d 233, 212 P.2d 801 (1950).[2] The fact of the complaint is admissible. Details and particulars of the complaint, including the identity of the alleged offender, are not admissible. The complaint is admitted as bearing on the credibility of the complainant. *State v. Thomas,* 52 Wn.2d 255, 257, 324 P.2d 821 (1958). Even though the testimony appears to be hearsay, it is admissible through the complainant or through a third party who heard the complaint. 5 R. Meisenholder, Wash. Prac. § 472, at 463–64 (1965).

The victim's statement to Ms. Jensen that she had been raped was admissible as a hue and cry. We need not reach the issue as to the alleged error in the admission of that

---

[2]This case explains the history of and policy behind the admission of the victim's complaint:

[I]n criminal trials for sex offenses, the credibility of the complaining witness, irrespective of whether it is assailed or unassailed, may be supported by evidence of her timely prior out–of–court complaint. This exception stems from the feudal doctrine of hue and cry. This doctrine rests on the ground that a female naturally complains promptly of offensive sex liberties upon her person and that, on trial, an offended female complainant's *omission of any showing as to when* she first complained raises the inference that, since there is no showing that she complained timely, it is more likely that she did not complain at all, and therefore that it is more likely that the liberties upon her person, if any, were not offensive and that consequently her present charge is fabricated. Thus, formerly, to overcome the inference, it became essential to the state's case–in–chief to prove affirmatively that she made timely hue and cry.

*State v. Murley, supra* at 236–37.

portion of the victim's statement which (arguably) identifies the defendant. There was no prejudice to defendant because his identity was not contested. He admitted he had sexual intercourse with the victim, but he claimed it was with her consent. At best it was harmless error.

ISSUE 3: Testimony of Officer Gardner—Excited Utterance.

Officer Gardner testified as to what the victim told him when he interviewed her after the incident. The defendant objects to this testimony because the victim had been calmed by the officer during the 3–hour interview. Under such circumstances defendant claims that no excited utterance was possible.

At the time the victim gave her statement to Officer Gardner, she was still in a state of emotional turmoil. The officer testified that during the taking of her statement, the victim was crying, sobbing and upset. Only during the latter part of the 3–hour session had the victim calmed down. Again, applying the criteria as set forth in *Beck v. Dye, supra,* we see no basis for overturning the trial court's discretion as to the admission of this testimony.

ISSUE 4: Testimony of Officer Gardner—Hue and Cry.

Officer Gardner testified that the victim told him she had been raped. The defendant objects to this testimony's admission urging the view that the admission of the victim's hue and cry is limited to a showing as to when the victim first complained. Subsequent complaints, according to defendant, are not admissible.

Although *State v. Murley, supra,* identifies the policy behind this exception and focuses on the first complaint, other authority concentrates on the timeliness of the complaint, without regard to whether it is the first or a subsequent hue and cry. *State v. Thomas, supra;* 4 J. Wigmore, *Evidence* § 1135 (1972). The subsequent complaint supports the declarant's veracity without introducing superfluous evidence. We find no error in admitting this additional

complaint which was made by the victim to Officer Gardner.

ISSUE 5: Testimony of Dr. Juel—Statement Made to Physician.

Dr. Juel testified that he was told by the victim that she had been raped. Defendant objects to the admission of this testimony. Statements made to Dr. Juel by the victim were properly introduced as statements made to a physician for the purpose of diagnosis or treatment. These statements are considered inherently trustworthy because the declarant's well–being rests on the truth of the statements. 5 R. Meisenholder, Wash. Prac. § 472, at 463–64 (1965).

Although the victim submitted to a physical examination at the request of the police to preserve evidence, the victim required medical treatment for bruises, bumps and tenderness following the rape. The doctor did not examine the victim for the sole purpose of enabling him to later testify. Special considerations incident to sexual attacks demand a doctor's treatment. A treating physician may testify as to what the victim told him "regarding . . . the general nature or cause of the injury insofar as it pertains to treatment and not fault". *Kennedy v. Monroe*, 15 Wn. App. 39, 47, 547 P.2d 899 (1976). The introduction of Dr. Juel's testimony was proper as he was the victim's treating physician.

Affirmed.

SWANSON and WILLIAMS, JJ., concur.

Reconsideration denied January 19, 1981.

Review denied by Supreme Court April 3, 1981.