IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36642-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY JAY FRENCH, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Larry French appeals from his conviction on one count of first degree child molestation, arguing that the court erroneously admitted two of the child's out-of-court statements and erred in assessing the criminal filing fee. We affirm the conviction and direct the trial court to strike the filing fee.

FACTS

The ten-year-old returned from a visit to her grandmother and Mr. French (the grandmother's husband) looking upset, but declined to explain the circumstances to her mother. She later that evening approached her mother and explained that Mr. French had been touching her vaginal area. The mother reported the incident to the police.

The child's clothing was preserved by the mother and turned over to law enforcement. Mr. French's DNA was discovered on the girl's underwear. She underwent a sexual assault examination and identified Mr. French as her assailant to the nurse; she also described additional information about the incident. When contacted by law enforcement, Mr. French denied touching the child and voluntarily provided a DNA sample.

The prosecutor charged one count of first degree child molestation and the aggravating circumstance that the crime was part of an ongoing pattern of sexual abuse. The case proceeded to jury trial. Prior to trial, the State moved in limine to admit the statements made to the mother and nurse. The trial court concluded that the statements were admissible. The jury later heard both the mother and the nurse relate the information reported by the child.

The jury convicted Mr. French of first degree child molestation and also determined that the aggravating factor had been proved. The trial court declared an exceptional sentence and imposed an exceptional minimum term of 96 months. The court also entered findings in support of the exceptional sentence. Mr. French timely appealed.

Division Two administratively transferred the case to Division Three. A panel of this division considered Mr. French's appeal without calling for oral argument.

ANALYSIS

This appeal presents challenges to the two hearsay statements admitted at trial, as well as to the filing fee. We consider the two hearsay challenges before turning to the financial obligation.[1]

Initially, we note the standards governing appellate review of the hearsay challenges. This court reviews the trial court's evidentiary rulings for abuse of discretion. *State v. Young*, 160 Wn.2d 799, 806, 161 P.3d 967 (2007); *State v. Guloy*, 104 Wn.2d 412, 429-430, 705 P.2d 1182 (1985). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Hearsay is any out-of-court statement offered to prove the truth of the matter asserted. ER 801(c). Generally, hearsay is not admissible. ER 802. However, the hearsay rule contains many exceptions and also is defined in a manner that excludes certain classes of out-of-court statements from the reach of the rule. *See* ER 801, 803, 804. Two of the many hearsay exceptions are at issue in this appeal.

---

[1] On the eve of argument, Mr. French filed a statement of additional grounds, eight months after it was due. The panel directed the clerk of court to reject the untimely filing, an action that preserves any challenges Mr. French might desire to raise in a collateral attack. *See, e.g.*, *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 16-17, 296 P.3d 872 (2013).

*Excited Utterance*

The trial court admitted the child's statements to her mother as an excited utterance. ER 803(a)(2). The court did not abuse its considerable discretion by reaching that conclusion.

That rule provides that any statement "describing or explaining an event or condition" is admissible hearsay if it was "made while the declarant was under the stress of excitement caused by the event or condition." *Id*. The requirements of this exception were discussed in *State v. Woods*, 143 Wn.2d 561, 597, 23 P.3d 1046, *cert. denied*, 534 U.S. 964 (2001):

> An out-of-court statement offered to prove the truth of the matter asserted is admissible at trial if the statement relates to "a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." ER 803(a)(2). We have previously stated that three closely connected requirements must be satisfied in order for a hearsay statement to qualify as an excited utterance. First, a startling event or condition must have occurred. Second, the statement must have been made while the declarant was under the stress or excitement caused by the startling event or condition. Third, the statement must relate to the startling event or condition. [*State v.*] *Chapin*, 118 Wn.2d [681], 686, [826 P.2d 194 (1992)]. Often, the key determination is whether the statement was made while the declarant was still under the influence of the event to the extent that the statement could not be the result of fabrication, intervening actions, or the exercise of choice or judgment. *State v. Strauss*, 119 Wn.2d 401, 416, 832 P.2d 78 (1992).

An excited utterance is admissible because it is "believed to be 'a spontaneous and sincere response to the actual sensations and perceptions already produced by [an] external shock.'" *Chapin*, 118 Wn.2d at 686 (quoting 6 JOHN HENRY WIGMORE,

4

EVIDENCE IN TRIALS AT COMMON LAW § 1747, at 195 (James H. Chadbourn rev. ed.

1976)). As noted above, an excited utterance has three requirements: (1) a startling event

or condition occurred, (2) the declarant made a statement that relates to the startling

event, and (3) the declarant made the statement while still under the stress of excitement

caused by the event. ER 803(a)(2); *Young*, 160 Wn.2d at 806; *Woods*, 143 Wn.2d at 597.

The trial court concluded that the three conditions were satisfied. We agree.

Whether an event is sufficiently startling is determined by its "effect on the declarant."

*Chapin*, 118 Wn.2d at 687. Here, the child was upset when she returned home and we

have little doubt that an instance of sexual abuse of a minor can qualify as an exciting

event. The trial court's conclusion that one occurred is supported by the record.

The second *Chapin* element is easily satisfied. The child's statement referenced

the startling event—the sexual abuse. The trial court also found the third element

present: the child was still under the influence of the event at the time she disclosed the

abuse to her mother. The evidence again supports the court's determination. The mere

passage of time does not necessarily prevent a finding of continuing influence. *State v.*

*Thomas*, 46 Wn. App. 280, 284, 730 P.2d 117 (1986), *aff'd*, 110 Wn.2d 859 (1988)

(victim still under influence six to seven hours after rape); *State v. Flett*, 40 Wn. App.

277, 287, 699 P.2d 774 (1985) (victim still under influence of event when reporting rape

seven hours after occurrence); *State v. Woodward*, 32 Wn. App. 204, 206-207, 646 P.2d

135 (1982) (report 20 hours after rape); *State v. Fleming*, 27 Wn. App. 952, 956, 621

P.2d 779 (1980) (three to four hours after rape). The disclosure in this case came well within the time periods noted in the earlier cases.

The evidence supported the trial court's determination that the child's statements to her mother were an excited utterance. Since the court properly applied the *Chapin* test, there were tenable grounds for admitting the testimony. The court did not abuse its discretion.

*Medical Treatment*

The court admitted the statements to the sexual assault nurse under ER 803(a)(4). As the trial court correctly interpreted the rule and the evidence, there likewise was no abuse of discretion in admitting this testimony.

The rule provides an exception to the hearsay rule for:

> Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

*Id.* This exception applies to statements reasonably pertinent to medical diagnosis or treatment. *State v. Doerflinger*, 170 Wn. App. 650, 664, 285 P.3d 217 (2012). A statement is reasonably pertinent to diagnosis or treatment when (1) the declarant's motive is to promote medical treatment and (2) the medical professional reasonably relies on the statement for treatment purposes. *Id.*

In most instances, statements about the cause of injuries are not pertinent to treatment or diagnosis. *State v. Butler*, 53 Wn. App. 214, 220, 766 P.2d 505 (1989). However, a limited exception applies in child abuse cases. With domestic violence or child abuse victims, not only must a treating physician be aware of a child's potential psychological and emotional injuries, but identifying the potential abuser is relevant to preventing future abuse. *Id.* at 220-221; *State v. Williams*, 137 Wn. App. 736, 746, 154 P.3d 322 (2007). A sexual assault examination serves both a forensic and medical function. *Williams*, 137 Wn. App. at 747; *State v. Sims*, 77 Wn. App. 236, 239-240, 890 P.2d 521 (1995) (noting that a physician generally must know who the abuser was in order to render proper treatment because the treatment will differ when the abuser is a member of the victim's family or household).

Here, the trial court correctly found that the identity of a child abuser was pertinent to the medical diagnostic process, as was the nature of the abuse. The court again had very tenable reasons for determining that the testimony met the exception and did not abuse its discretion in admitting the evidence.

The trial court properly admitted the testimony of the sexual assault nurse.

*Criminal Filing Fee*

Counsel for Mr. French also argues that the trial court erred by imposing the criminal filing fee against her client. In light of recent statutory changes, we agree.

After an amendment adopted following sentencing in this case, trial courts now lack the ability to impose the $200 criminal filing fee on those who are indigent at the time of sentencing. RCW 36.18.020(2)(h). This statute applies retroactively to cases such as this one that were on appeal at the time of *State v. Ramirez*, 191 Wn.2d 732, 735, 426 P.3d 714 (2018).

Acknowledging the retroactive nature of this change, the State nonetheless argues that because Mr. French was only determined to be indigent for purposes of appeal, there is no basis under the statute for waiving the filing fee. *See* RCW 10.101.020(3)(d); RCW 36.18.020(2)(h). Although its legal argument is correct, the factual basis for the State's argument is not. Prior to trial, the county's indigency screening determined that Mr. French was eligible for court appointed counsel and counsel was appointed to represent him at trial. Clerk's Papers at 7-9. Under these facts, he was indigent as defined in RCW 10.101.020(3)(c) and the trial court was thus required to waive the filing fee per RCW 36.18.020(2)(h).

In accordance with *Ramirez*, this matter is remanded to the trial court for entry of an order striking the $200 criminal filing fee. A new sentencing hearing is not required, nor need for Mr. French to be transported for purposes of entering the order.

No. 36642-1-III
*State v. French*


Affirmed and remanded.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Korsmo, J.

WE CONCUR:

Pennell, A.C.J.

Siddoway, J.