IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 83063-5-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| TODD MICHAEL STANGER, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

HAZELRIGG, J. — Todd M. Stanger was found guilty of burglary in the first degree and unlawful imprisonment following his second trial on the matter. The first trial had ended in a mistrial. In the interim period between the trials, the State successfully moved to amend the information, adding the burglary in the first degree charge. Stanger argues this amendment was improper under the mandatory joinder rule, that his attorney was ineffective for failing to object to the amendment on that basis, and challenges both the admission of an exhibit at trial and the imposition of supervision fees at sentencing. We accept the State's concession as to the improper amendment of the charging document and claim of ineffective assistance of counsel. Accordingly, we reverse and vacate Stanger's conviction for burglary in the first degree. Though we agree with Stanger and find error as to the admission of the challenged exhibit, the error was harmless and we affirm his conviction for unlawful imprisonment.

Citations and pinpoint citations are based on the Westlaw online version of the cited material.

FACTS

Todd Stanger originally faced three charges at trial: rape in the first degree, assault in the second degree-strangulation, and unlawful imprisonment, all alleged as domestic violence offenses. The rape and assault charges are most serious, or "strike," offenses. The jury was also instructed on a lesser included offense of rape in the second degree. After the jury began deliberation, the court declared a mistrial. Prior to the second trial, the State successfully moved to amend the information to add another strike offense, burglary in the first degree, as count four. This additional count was predicated on the same series of facts which gave rise to the original charges. Stanger's counsel did not object or subsequently move to dismiss count four.

Stanger again proceeded to trial, this time on the amended information. Defense counsel called the named victim, Stanger's ex-girlfriend, T.S., as a witness during the presentation of Stanger's case. On direct examination, defense counsel attempted to point out an apparent inconsistency regarding T.S.' earlier testimony during the State's case in chief as to how her clothing was removed during the incident. Stanger's attorney asked T.S. about a prior written statement she had made about the incident which was contained within a petition for an order for protection (the petition). Defense counsel had the petition marked as an exhibit for trial, but did not seek admission of the document itself. The State objected to the defense examination of the witness on this matter and argued it was not proper because the petition was not a prior inconsistent statement. The court overruled

the objection indicating it would, "allow the jury to make the decision as to what was testified before."

During its cross-examination of T.S., the State moved to admit the petition in its entirety. Stanger objected and the court explained, "My understanding of the rules is that if [we] have the witness use the document the opposing party is entitled to introduce it as an exhibit" and then asked the defense to "enlighten" the court to the contrary. Stanger's attorney then offered as an example the process of using police reports to refresh a testifying officer's recollection, which generally does not result in the subsequent admission of the report into evidence. Defense counsel took the position that the prior written statement "was proffered to her to refresh her memory. It was never meant to be admitted [substantively]." The trial court then responded, "I think the specific rule is if you—you—use something to refresh a witness' memory the opposing party can bring it in. I'm going to reserve ruling."

Further argument as to the admission of the petition was taken up outside the presence of the jury. The court began,

> I still am of the opinion that [the petition] should be admitted. The example where the police officer—you ask the police officer to refresh their memory, and they refer to the—the report, the opposing party is free, under the law, under the rules, to say "This is going to become an exhibit." Doesn't usually happen because the opposing party is typically the defendant and the defendant doesn't want the report to come in as an exhibit.

The court then continued "I do that reluctantly. I'm worried that I'm wrong. These are—is the question that's just come up. I don't want appealable error. And I think the [S]tate is better off not having it as an exhibit, for that reason. But if the [S]tate still wants it, I will probably rule on their favor."

The State indicated it would be moving for the admission of the petition and that admission was proper under the rule of completeness.[1] The State also asserted that the defense had not utilized the statements to refresh T.S.' recollection, but rather to confront her with prior inconsistent statements. Stanger's attorney expressly indicated that the petition "was not offered . . . as a prior inconsistent statement" and stated "I was offering that as her statement in—at trial was inconsistent." Counsel further argued that she had only directly examined the witness "on a very small portion of [the petition]. Not the entire document, just a small portion. Maybe four lines. It wasn't that this statement was inconsistent, it's her later statements are inconsistent."

Defense counsel ultimately requested if the court was going to admit the petition that it not do so in its entirety. Stanger proposed that the court first redact the document and restrict admission to only the portion of the petition directly addressing the topics included in the examination of T.S. The court declined to consider redactions and admitted the petition in its entirety. In doing so, the court noted, "I do that very reluctantly. I think it's better for the [S]tate not to have it come in, but the [S]tate is convinced that it's correct. I think they're likely correct. I don't have the conviction that the [S]tate has that it's correct."

Following the admission of the petition, defense counsel sought clarification of the court's ruling and inquired, "Under what rule, evidence rule, is [the petition] coming in." The court responded, "I don't have a rule to cite to you. And I don't— I'm not going to impose on the [S]tate—duty at this point to—to provide a rule."

---

[1] ER 106.

The jury acquitted Stanger of the assault in the second degree and rape in the first degree charges, but convicted him of burglary in the first degree and unlawful imprisonment. The court imposed standard range sentences of 69 months in prison for the burglary and 17 months for the unlawful imprisonment charge, to be served concurrently, followed by 18 months of community custody for the burglary and 12 months for the unlawful imprisonment. The trial court waived some discretionary fees at sentencing, but did not make an express finding as to indigency. However, the preprinted language on the judgment and sentence imposed "supervision fees as determined by [the Department of Corrections (DOC)]." The court later found Stanger indigent for purposes of his appeal.

Stanger now timely appeals.

ANALYSIS

I.     Mandatory Joinder and Ineffective Assistance of Counsel

Stanger first argues that his prosecution for burglary in the first degree in his second trial was barred by CrR 4.3.1, the mandatory joinder rule, and that his trial counsel was ineffective for failing to object to the amended information or moving to dismiss the burglary charge. In briefing on appeal, the State admits that "[b]ecause the burglary charge was related to the other charges in the original [i]nformation that were 'tried' at the first trial, the State concedes that the trial court erred in allowing the amendment." The State further agrees that Stanger received ineffective assistance of counsel as to this issue, based on his attorney's failure to object or move for dismissal of that count.

The parties are correct that CrR 4.3.1 barred the State from amending the information to include burglary in the first degree after he was initially tried on the matter. CrR 4.3.1(3) states:

> A defendant who has been tried for one offense may thereafter move to dismiss a charge for a related offense, unless a motion for consolidation of these offenses was previously denied or the right of consolidation was waived as provided in this rule. The motion to dismiss must be made prior to the second trial, and shall be granted unless the court determines that because the prosecuting attorney was unaware of the facts constituting the related offense or did not have sufficient evidence to warrant trying this offense at the time of the first trial, or for some other reason, the ends of justice would be defeated if the motion were granted.

Because the trial court declared a mistrial in Stanger's first trial after the jury had begun deliberation, he had been "tried" for purposes of the application of this rule. See CrR 4.3.1(3). As such, the court's ruling to allow the amendment of the information to add the burglary charge as count four, based on facts known to the State before the first trial, was error. As to the conviction for court four, we reverse, dismiss with prejudice and vacate that conviction.[2]

II.     Admission of the Petition for Order of Protection

Stanger next challenges the trial court's admission of the petition, particularly in the absence of redaction. A trial court's interpretation of an

---

[2] The parties similarly agree that Stanger received ineffective assistance of counsel when his attorney failed to object to the addition of the burglary charge or move for its dismissal based on CrR 4.3.1. They are correct as to this issue as well. Our state "has adopted Strickland v. Washington's two-pronged test for evaluating whether a defendant had constitutionally sufficient representation." State v. Estes, 188 Wn.2d 450, 457–58, 395 P.3d 1045 (2017) (citing 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). "[T]he defendant must show both (1) deficient performance and (2) resulting prejudice to prevail on an ineffective assistance claim." Id. We agree with the parties that failure to object to the addition of a most serious offense, in direct contradiction of the mandatory joinder rule, was deficient performance by defense counsel and, further, that prejudice is established since Stanger was tried, convicted and sentenced for burglary in the first degree as a result of that deficient performance.

evidentiary rule is reviewed de novo. State v. Foxhaven, 161 Wn.2d 168, 174, 163 P.3d 786 (2007). If the trial court has correctly construed the rule, then we review its decision to admit evidence for abuse of discretion. Id. "Failure to adhere to the requirements of an evidentiary rule can be considered an abuse of discretion." Id.

Here, we are presented with unique circumstances as the record is devoid of any definitive citation to authority upon which the court relied for its ruling to admit the petition. When defense counsel asked for clarification as to the basis of the ruling, the trial court explicitly stated, "I don't have a rule to cite to you. And I don't—I'm not going to impose on the [S]tate—duty at this point to—to provide a rule." As such, we are unable to engage in the first step of the applicable inquiry: whether the court correctly construed the evidence rule. Further, the parties' argument to the trial court regarding authority for the admission of the document was similarly unclear and differs somewhat from how they framed their respective arguments in briefing on appeal.

Based on the record before us, we cannot conclude that the court properly construed the rules of evidence such that admission of the petition in its entirety was proper under any of the alternative bases offered by the parties. It does not appear that any rule was interpreted or applied appropriately. However, "an erroneous evidentiary ruling does not result in reversal unless the defendant was prejudiced." State v. Gonzalez-Gonzalez, 193 Wn. App. 683, 689, 370 P.3d 989 (2016). "For evidentiary errors not implicating a constitutional mandate, we reverse only if, 'within reasonable probabilities, the outcome of the trial would have

been materially affected had the error not occurred.'" Id. (internal quotation marks omitted) (quoting State v. Thomas, 150 Wn.2d 821, 871, 83 P.3d 970 (2004)).

Despite Stanger's claim that he was prejudiced such that there is a reasonable probability the admission materially affected the outcome, we disagree. Here, the prejudice from the admission of the petition would be in the form of bolstering T.S.' credibility. See State v. Osborn, 59 Wn. App. 1, 4, 795 P.2d 1174 (1990). However, in light of Stanger's acquittal on the two 'most serious' offenses presented at trial, assault in the second degree-strangulation and rape in the first degree, it is clear the jurors carefully considered credibility as to each of the allegations T.S. made. In this context, we conclude that the jury did not improperly utilize the petition that expressly described the actions underlying the rape charge to bolster T.S.' accusations. As such, the evidentiary error here is harmless and we affirm Stanger's conviction for unlawful imprisonment.

Due to our reversal of the conviction for burglary in the first degree, resentencing is required and we need not address Stanger's final challenge to the trial court's imposition of the DOC supervision fee.[3]

---

[3] The supervision fee authorized by RCW 9.94A.703(2) may be waived by the trial court. See State v. Dillon, 12 Wn. App. 2d 133, 152, 456 P.3d 1199 (2020). When resentencing Stanger, the court will again consider a finding of indigency and waiver of the DOC supervision fee.

Affirmed in part, reversed in part and remanded.

WE CONCUR:

Andrus, A.C.J.